570 F.2d 263
 Rev. Dianne FENNELL, Appellant,
v.
Rosalie BUTLER, Councilwoman, Donald D. Wozniak, Harriet
Lansing, City Attorney, Philip B. Byrne, Deputy City
Attorney, James M. Campbell, and the Minnesota State Board
of Medical Examiners, Appellees.
Charles SMITH, Individually and d/b/a Red Carpet Sauna, C.
J. Russell, Inc., d/b/a Civic Center Sauna, L. D. Dagell,
Inc., d/b/a the Massage Emporium, Cosmopolitan, Inc., d/b/a
Cosmopolitan Sauna, Lee LeNore Ehrlichman, Individually and
d/b/a Lee LeNore's Sauna, St. Paul Comfort Center, Inc.,
d/b/a St. Paul Comfort Center, Appellants,
v.
The CITY OF ST. PAUL, Minnesota, George Latimer,
Individually and as Mayor of the City of St. Paul, Harriet
Lansing, Individually and as St. Paul City Attorney, Rosalie
Butler, David H. Hozza, Ruby Hunt, Leonard Levine, Victor
Tedesco, Individually and as Members of the St. Paul City
Council, Dr. Paul Cox, Individually and as Director of the
Division of Public Health, Appellees.
 Nos. 77-1782 and 77-1822.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 30, 1978.
Decided Feb. 6, 1978.
Rehearing Denied in No. 77-1782 Feb. 28, 1978.
 
 Rev. Dianne Fennell, pro se.
 Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Robert T. Holley, Sp. Asst. Atty. Gen., Minneapolis, Minn., filed brief for appellee, Minnesota State Board of Medical Examiners.
 Beryl A. Nord, Asst. City Atty., St. Paul, Minn., filed brief for appellees Rosalie Butler, Harriet Lansing and Philip B. Byrne, in 77-1782 and filed brief for appellees in 77-1822.
 Earl P. Gray of Collins & Buckley, St. Paul, Minn., filed brief for appellants.
 Before LAY, BRIGHT and WEBSTER, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 These two appeals arise from separate orders of the district court, the Honorable Donald D. Alsop presiding, denying the plaintiffs' motions for preliminary injunction. The Fennell appeal, No. 77-1782, relates to an attempt by the plaintiff to restrain the City of St. Paul from enforcing an amended ordinance relating to licensing provisions and restrictions on the hours of operation of saunas and massage parlors, and to compel the issuance of a license to practice massage by the Minnesota State Board of Medical Examiners.
 
 
 2
 In the Smith appeal, No. 77-1822, the plaintiffs, owners and operators of massage and sauna parlors in the City of St. Paul, sought to challenge the constitutionality of the same ordinance, which changed the required closing hours for massage parlors from 1:00 A. M. to 10:00 P. M. The district court, in refusing to grant a preliminary injunction, did so on the basis of this court's traditional tests governing the issuance of preliminary injunctive relief: (1) whether the moving party has shown substantial probability of success at trial; and (2) whether the moving party will suffer irreparable injury in the event the injunction is denied. The district court did, however, grant a temporary injunction pending appeal, stating:
 
 
 3
 In the present context, the court remains of the opinion that there is no probability that the plaintiffs will succeed on the merits. However, it recognizes that there are serious questions going to the merits and that there is some possibility that an injunction may issue. Where there are such questions and where the equities decidedly favor the appealing party, the court deems it appropriate that an injunction issue pending appeal.
 
 
 4
 The grant or denial of a preliminary injunction may of course be reversed only if the lower court abused its discretion or based its decision upon an erroneous legal premise. The Second Circuit has held that a preliminary injunction should issue
 
 
 5
 upon a clear showing of either (1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.
 
 
 6
 Gresham v. Chambers, 501 F.2d 687, 691 (2d Cir. 1974), quoting Sonesta International Hotels Corp. v. Wellington Associates, 483 F.2d 247, 250 (2d Cir. 1973).
 
 
 7
 The Ninth Circuit adopted the Gresham test in 1975 in William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975).
 
 
 8
 In view of the statement by the trial court in granting a temporary injunction pending appeal and the legal and factual circumstances of this particular case, we feel that the alternative tests of the Second and Ninth Circuits should be considered by the district court. On remand the district court should balance the relative hardship to the parties that would result from granting or denying the preliminary injunction. If the balance tips decidedly towards the plaintiffs and the plaintiffs have raised questions serious enough to require litigation, ordinarily the injunction should issue.
 
 
 9
 We strongly urge the district court on remand to review the issuance of the injunction and, in view of the narrow issue involved, to consolidate plaintiffs' petitions for preliminary injunction along with consideration of the merits of the cases.
 
 
 10
 The orders denying the preliminary injunction are vacated, without prejudice, and the cause is remanded for proceedings consistent with this opinion.