Marvin FREJLACH, d/b/a the Payne Reliever, et al., Appellants,

v.

Rosalie BUTLER, Individually and in her capacity as councilperson of the City of St. Paul, et al., Appellees.

No. 77–1845.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1978.

Decided April 10, 1978.

Jerrold M. Hartke, South St. Paul, Minn., for appellants.

Philip B. Byrne, Deputy City Atty., St. Paul, Minn., for appellees.

Patsy Reinard, Legal Counsel, Minnesota Civil Liberties Union, and Ronald D. B. Tigue, Volunteer Attorney, Minnesota Civil Liberties Union, Minneapolis, Minn., for amicus curiae, Minnesota Civil Liberties Union.

Before BRIGHT and HENLEY, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM.

This is an appeal from an order denying plaintiffs' motion for a preliminary injunction. Expressing no opinion concerning the merits of the case, we affirm.

In March of 1973, following the decision in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the City of Saint Paul amended the liquor control provisions in its Legislative Code. As amended by Ordinance No. 15343, § 308.23(11)(e) of the Code permitted the display of the naked body in establishments selling liquor by the drink, so long as the person's pubic hair, anus and genitals were "covered with *transparent* or opaque clothing," (italics ours). This provision controlled "adult" entertainment establishments in St. Paul until the adoption of Ordinance No. 16139 in July, 1977.

Ordinance No. 16139 removed the permissive use of transparent coverings and prohibited the display of the pubic hair, anus, vulva, genitals or female breast in intoxicating liquor establishments. Plaintiffs, operators of establishments purveying sexually oriented entertainment, filed this action against the City of Saint Paul and various city officials, seeking a preliminary injunction against enforcement of the new ordinance. The District Court [1] denied relief,[2]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Honorable Miles W. Lord, United States District Judge for the District of Minnesota.

2. The District Court initially issued an ex parte order temporarily restraining enforcement of the new ordinance. After a hearing concerning the issuance of a preliminary injunction, the court dissolved the temporary restraining order

finding no showing that plaintiffs would suffer irreparable injury, and no substantial likelihood that plaintiffs would prevail on the merits. Appeal was taken to this court.

The traditional requirements for the issuance of a preliminary injunction have been stated by us in numerous cases to be a showing of

1) Substantial probability of success at trial by the moving party, and

2) Irreparable injury to the moving party absent such issuance.

*American Train Dispatchers Ass'n v. Burlington Northern, Inc.*, 551 F.2d 749, 751 (8th Cir. 1977).[3]

We employ a narrow scope of review of a district court decision on a preliminary injunction request: "an appellate court can reverse only if it finds an abuse of discretion." *Penn v. Cleburne County Hosp.*, 566 F.2d 1179 (8th Cir. 1977) (per curiam). *See also, Missouri Portland Cement Co. v. H. K. Porter Co.*, 535 F.2d 388 (8th Cir. 1976).

The District Court examined both of the above requirements in detail. The fundamental showing as to irreparable harm, the *sine qua non* for all injunctive relief, was not convincing. In the first place, there was no showing that the income of the plaintiffs would suffer, and to what degree, if the nude dancers were required to adopt the opaque coverings required by the ordinance. Moreover, although the verified complaint indicated that the three plaintiffs had expended $320,000 in reliance on the prior ordinance of 1973, the purpose therefor was not made clear, nor was it shown how the expenditures related to the 1977

ordinance. The showings made are far from the clear proofs required of irreparable harm, and we agree with the trial court that the plaintiffs have not met their burden that they will suffer irreparable harm and that they have no adequate remedy at law if their motion for injunctive relief is denied.[4] We find no abuse of discretion by the trial court.

Under the view we have taken of the case there is no need to rule on the additional issues raised.

Affirmed.

---

and denied plaintiffs' request for preliminary injunctive relief.

**3.** *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1974); *Regents v. Nat'l Collegiate Athletic Ass'n*, 560 F.2d 352, 365 (8th Cir. 1977); *Missouri Portland Cement Co. v. H. K. Porter Co.*, 535 F.2d 388, 392 (8th Cir. 1976); *Minnesota Bearing Co. v. White Motor Corp.*, 470 F.2d 1323 (8th Cir. 1973).

**4.** Although the alternative test for preliminary injunctive relief recently enunciated in *Gres-*

*ham v. Chambers*, 501 F.2d 687, 691 (2d Cir. 1974) and *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247 (2d Cir. 1973) was not argued to us, it is pertinent to observe that the same result as here reached would obtain under *Gresham* and *Sonesta*, since "the balancing of hardships test of *Sonesta* necessarily includes the showing of irreparable harm." *State of N. Y. v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 750 (2d Cir. 1977), quoting from *Triebwasser & Katz v. American Telephone and Telegraph Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976). *See Fennell v. Butler*, 570 F.2d 263 (8th Cir. 1978).