**DAKOTA WHOLESALE LIQUOR, INC., Appellant,**

v.

**STATE OF MINNESOTA, Edward Novak, Commissioner of Public Safety for the State of Minnesota, Glenmore Distilleries Company, Heublein, Inc., and Calvert Distillers Company, a division of Joseph E. Seagram & Sons, Inc., Appellees.**

No. 78-1457.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Sept. 29, 1978.

Mark P. Wine of Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for appellant; Robert R. Weinstine, St. Paul, Minn., on brief.

Richard A. Lockridge, Sp. Asst. Atty. Gen., St. Paul, Minn., for state appellees; Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., and Mark M. Suby, Sp. Asst. Atty. Gen., St. Paul, Minn., on brief.

Lawrence J. Hayes of Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for appellee, Heublein; James A. Gallagher and William J. Hassing, St. Paul, Minn., on brief.

Elliot S. Kaplan of Robins, Davis & Lyons, Minneapolis, Minn., for appellees, Glenmore and Seagram; Stanford Robins & Barry G. Reed, Michael P. Sullivan of Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., and MacDonald Flinn, Allan L. Gropper and David M. Rubin of White & Case, New York City, on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,* Senior District Judge.

* The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation.

PER CURIAM.

This is an appeal from an order of the district court[1] denying the motion for a preliminary injunction of plaintiff Dakota Wholesale Liquor, Inc. (Dakota).[2] Expressing no opinion on the ultimate merits of the case, we affirm.

Dakota filed this action seeking injunctive relief against the state of Minnesota, the Commissioner of Public Safety for the state of Minnesota, and certain manufacturers of alcoholic beverages, Glenmore Distilleries Company, Heublein, Inc., and Calvert Distillers Company (manufacturer-defendants). Dakota is a South Dakota corporation licensed by Minnesota and South Dakota to distribute intoxicating liquor. Dakota was formed in 1977 for the principal purpose of obtaining a Minnesota wholesalers liquor license and transshipping liquor procured by virtue of this license into South Dakota for resale. The venture was dependent upon receiving a Minnesota wholesalers license because Minnesota, unlike South Dakota, has a statute, Minn.Stat. Ann. § 340.114, which provides in part that "All licensed importers shall offer for sale on an equal basis to all licensed wholesalers and manufacturers all intoxicating liquor brought into the state of Minnesota." In South Dakota liquor is distributed through exclusive distributorships. As a result, Dakota has been unable to obtain any product with its South Dakota license.

Shortly after it began operation Dakota met resistance from the liquor industry. Each of the manufacturer-defendants refused to sell to Dakota for resale in South Dakota but they have specifically represented that they will provide their products to Dakota for distribution in Minnesota. Dakota asserts that this refusal to sell was taken by the manufacturer-defendants in concert and was thus a group boycott in violation of section 1 of the Sherman Act.[3]

Subsequently, the Minnesota legislature enacted Minn.Stat.Ann. § 340.145, which went into effect on August 1, 1978. Section 340.145 forbids Minnesota wholesalers from using their Minnesota licenses to obtain liquor for consumption outside of Minnesota without consent of the manufacturers. Dakota attacks this statute on the ground that it violates the commerce clause of the United States Constitution.

After a hearing on May 26, 1978, the district court entered an order denying Dakota's request for a preliminary injunction. This appeal followed.

Initially the district court noted that there is some uncertainty as to the proper standard to be applied by a district court in determining whether a preliminary injunction should be allowed. The traditional tests have been that the party seeking the injunction must prove that "(1) there is a substantial probability that it will succeed at trial on the merits of its claims and (2) it will suffer irreparable injury if injunctive relief is not forthcoming." *Planned Parenthood, Inc. v. Citizens for Community Action,* 558 F.2d 861, 866 (8th Cir. 1977). However, in *Fennell v. Butler,* 570 F.2d 263, 264 (8th Cir. 1978), this court directed the district court on remand to apply the preliminary injunction standards used in the Second Circuit. The Second Circuit has held that:

> [A] preliminary injunction should issue only upon a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

---

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

2. On appeal Dakota claims that the district court erred in treating its motion for a temporary restraining order as a motion for a preliminary injunction. However, a review of the record clearly indicates that in the proceedings below both sides treated the matter as a motion for a preliminary injunction.

3. Since we affirm the district court in its refusal to enjoin enforcement of Minn.Stat.Ann. § 340.145, *infra,* the claim for injunctive relief against the manufacturer-defendants is moot.

*Sonesta Int'l Hotels Corp. v. Wellington Assocs.,* 483 F.2d 247, 250 (2d Cir. 1973). In the instant case the district court held that under either test the preliminary injunction should be denied.[4]

"[W]hile the standard to be applied by the district court in deciding whether a plaintiff is entitled to a preliminary injunction is stringent, the standard of appellate review is simply whether the issuance [or denial] of the injunction in the light of the applicable standard, constituted an abuse of discretion." *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931–32, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); *Planned Parenthood, Inc. v. Citizens for Community Action, supra,* 558 F.2d at 866. We conclude that even in light of the more flexible standard of *Fennell v. Butler, supra,* 570 F.2d at 264, the district court did not abuse its discretion in refusing to enjoin enforcement of Minn. Stat.Ann. § 340.145.

The district court recognized that the Supreme Court has repeatedly held that where liquor is destined for use, distribution, or consumption within the state, the Twenty-first Amendment demands wide latitude for regulation by the state. *See Joseph E. Seagram & Sons, Inc. v. Hostetter,* 384 U.S. 35, 42–45, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966); *Hostetter v. Idlewild Bon Voyage Liquor Corp.,* 377 U.S. 324, 330–32, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964); *Ziffrin v. Reeves,* 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939). The court stated that the restrictions placed on the use of a Minnesota liquor license appear to be reasonable and thus "the merits of plaintiff's claim with regard to the constitutionality of the Minnesota statute are not sufficiently 'serious' to make them 'a fair ground for litigation.'" *Dakota Wholesale Liquor, Inc. v. State of Minnesota,* 3–7 Civ. 196, slip op. at 4 (D.Minn. May 30, 1978).

Although we do not pass on the ultimate merits of Dakota's claim, on the present record we are unable to say that the district court abused its discretion in refusing to grant the injunction.

Affirmed.

---

4. It is our view that the tests for preliminary injunction discussed in *Fennell v. Butler, supra,* 570 F.2d at 264, and currently employed in the Second and Ninth Circuits, *see William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86, 88 (9th Cir. 1975); *Gresham v. Chambers,* 501 F.2d 687, 691 (2d Cir. 1974), should be applied in the instant case. *Compare Frejlach v. Butler,* 573 F.2d 1026 (8th Cir. 1978).