NORTHWESTERN BELL TELEPHONE
COMPANY, Plaintiff,

v.

BEDCO OF MINNESOTA, INC.,
Defendant.

No. 4–80–Civ. 529.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 21, 1980.

John B. Gordon, Faegre & Benson, Minneapolis, Minn., for plaintiff.

William M. Mahlum, St. Paul, Minn., for defendant.

## MEMORANDUM ORDER

LARSON, Senior District Judge.

The plaintiff in this civil action for injunctive relief and damages is Northwestern Bell Telephone Company (Northwestern Bell), an Iowa corporation that maintains offices in Minneapolis and St. Paul. Northwestern Bell periodically publishes yellow pages directories that contain listings and advertising purchased by businesses and services organizations within the area served by the directory. These directories have been copyrighted by Northwestern Bell. The defendant, Bedco of Minnesota, Inc., (Bedco) is a Minnesota corporation with offices in Minneapolis.

The material facts in this action are undisputed. Bedco is currently soliciting by mail advertising and listings for a new yellow pages directory called "Twin Cities/Southeast Minnesota Yellow Pages." The planned directory will include businesses and service organizations not only in Minneapolis and St. Paul, but also in a large area of southeastern Minnesota. Participating businesses will purchase space in the directory which will be distributed, apparently, in the same manner as the Northwestern Bell yellow pages directories, to all residences and businesses in the southeastern Minnesota area. Bedco's solicitation form that is sent to prospective advertisers includes a photocopy of the advertisement or listing that the solicited advertiser has already purchased from Northwestern Bell, and which appears in recent Northwestern Bell directories. The fact that the advertisement reproductions attached to Bedco's solicitation form have been photocopied from Northwestern Bell directories is not disputed. The solicitation identifies the reproduction as "a copy of your ad as it appears in a telephone directory." The form also requests patrons to make any necessary changes in the advertisement and states "with your approval, your ad as it appears below will be published" in defendant's yellow pages directory.

Plaintiff brought this action on October 21, 1980, alleging a copyright infringement in defendant's use of photocopied advertisements under the Copyright Act, 17 U.S.C. § 101, *et seq.* Jurisdiction of claims arising under the Copyright Act is proper in this Court under 28 U.S.C. § 1338. Counts II and III of the complaint allege pendent State law claims of unfair competition and fraud and misrepresentation arising from the use of the photocopied advertisements. The defendant denies the allegations. The action is now before the Court on plaintiff's motion, filed on October 31, 1980, for a preliminary injunction to enjoin the defendant from infringement of plaintiff's copyrights pending final determination on the merits. The Court is expressly empowered to grant an injunction to restrain a copyright infringement under 17 U.S.C. § 502. Also before the Court is defendant's motion,

filed on November 12, 1980, to deny the preliminary injunction motion and, in the alternative, if the injunction is granted, to establish plaintiff's security bond in the amount of $1 million. For the reasons set forth herein, the Court will grant plaintiff's motion for a preliminary injunction, and will deny defendant's motions.

The traditional prerequisites for the issuance of a preliminary injunction are well established. The moving party has the burden of showing: (1) a substantial probability of success at trial on the merits, and (2) irreparable injury in the event the injunction is denied. *Minnesota Association of Health Care Facilities v. Minnesota Department of Public Welfare*, 602 F.2d 150, 152 (8th Cir. 1978). Although apparently limiting its application to certain types of cases, *see Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1980), the Eighth Circuit has also adopted an alternative test which requires the moving party to show: (1) sufficiently serious questions going to the merits to make the questions a fair basis for litigation, and (2) a balance of hardships tipping decidedly in the moving party's favor. *Dakota Wholesale Liquor, Inc. v. Minnesota*, 584 F.2d 847, 849 (8th Cir. 1978) (per curiam); *Fennell v. Butler*, 570 F.2d 263 (8th Cir.), *cert. den.* 437 U.S. 906, 98 S.Ct. 3093, 57 L.Ed.2d 1136 (1978). The Court concludes that the plaintiff has sufficiently met its burden under both of the alternative tests as the tests are applied to alleged infringements of copyrights.

Addressing first the merits of plaintiff's claim for injunctive relief, there is no doubt that plaintiff holds valid copyrights on its 1980 Minneapolis and St. Paul yellow pages directories.[1] The Copyright Act expressly permits the copyrighting of compilations, 17 U.S.C. § 103, and telephone directories have been uniformly found to be subject to copyright under this provision of the Act and its predecessors. *Southwestern*

*Bell Telephone Company v. Nationwide Independent Directory Service, Inc.*, 371 F.Supp. 900, 905 (W.D.Ark.1974); *Leon v. Pacific Telephone & Telegraph Co.*, 91 F.2d 484, 486 (9th Cir. 1937). In addition, the defendant does not contend that plaintiff's copyrights are in any way invalid.

The defendant does claim, however, that copyrights on compilations do not extend to individual listings and advertisements within the compilations. The individual portions, it is claimed, remain the property of the advertiser and thus can be freely copied without infringing the copyright on the compilation as a whole. Defendant urges the Court to adopt the line of reasoning found in a number of cases involving publishers of periodicals who were allegedly pirating advertisements which had recently been published in rival periodicals. *Jacobs v. Robitaille*, 406 F.Supp. 1145 (N.H.1976), involved a weekly classified advertising "guide" that published advertisements that were identical to advertisements which had been earlier published in a rival "guide." The court found that the advertisers did not intend to assign their rights to the original publisher and the advertisements could thus be freely copied by a rival. *Brattleboro Publishing Company v. Winmill Publishing Corp.*, 369 F.2d 565 (2d Cir. 1966), and *Inter–City Press, Inc. v. Siegfried*, 172 F.Supp. 37 (W.D.Mo.1958), both involved newspapers that published without permission advertisements previously published by rival newspapers. Both courts found that the advertisers impliedly retained the property rights to the advertisements, and thus the newspapers' copyrights did not extend to coverage of advertisements.

Plaintiff, on the other hand, urges the Court to adopt the line of reasoning found in cases involving copying without permission from copyrighted directories. In *Southwestern Bell*, 371 F.Supp. at 900, the publishers of a new telephone directory were found to have copied portions of the white and yellow pages of a rival directory.

1. Northwestern Bell has obtained copyright registration No. 38473 on its Minneapolis area yellow pages directory published in January, 1980; it has obtained copyright registration No. 38653 for its St. Paul area yellow pages directory published in July, 1980.

The court enjoined the publication of the new directory, finding that the rival's copyright had been infringed by the copying. *See also Leon*, 91 F.2d at 484. In *National Research Bureau, Inc. v. Kucker*, 481 F.Supp. 612 (S.D.N.Y.1979), a publisher of a directory of shopping malls successfully obtained an injunction against the publication of a rival directory whose authors had copied some entries and "slipped"[2] other entries from the established publication.

 The Court recognizes that the introduction into the market of competing yellow pages directories which are less comprehensive than the directories traditionally published by the telephone companies has obscured somewhat the lines between what is a telephone directory and what is an advertising periodical. However, although technically Northwestern Bell's yellow pages compilations could be classified as periodicals which contain advertising, the Court is of the opinion that such an interpretation in this case would be strained and that plaintiff's characterization of the books as telephone directories more appropriately describes their status for purposes of the Copyright Act. It is common knowledge that yellow pages directories primarily feature the telephone numbers of business and service organizations in the comprehensive manner of a telephone directory. The normal inclusion of yellow pages with white pages alphabetical listings in the same book supports this characterization. The yellow pages at issue in this case certainly more resemble a telephone directory than they do a weekly newspaper or a weekly shoppers' "guide," and, as a result, the line of reasoning suggested by the defendant is distinguishable.

 Having determined that the directory cases are controlling in this matter, the Court must now decide whether the plaintiff has sufficiently shown that it will be successful at trial in demonstrating that defendant's solicitation methods constitute at infringement of the Northwestern Bell copyrights. It is clear that a subsequent compiler who copies without authorization from an existing copyrighted directory and publishes the copied information in a competing directory may be held liable for a copyright infringement. *Leon*, 91 F.2d at 486; *National Research*, 481 F.Supp. at 615 (quoting *List Publishing Co. v. Keller*, 30 F. 772, 773 (C.C.S.D.N.Y.1887); *Southwestern Bell*, 371 F.Supp. at 906. The copyright does not, of course, extend to information listed in the directory that is in the public domain such as names and addresses. There is nothing that would prevent a subsequent compiler from collecting this information by independent research, or even from using the copyrighted directory to ascertain the names of prospective advertisers. *Cf. New York Times Co. v. Roxbury Data Interface, Inc.*, 434 F.Supp. 217 (N.J. 1977). However,

> "what a subsequent compiler cannot do is copy from an already copyrighted directory and save himself the labor and expense incurred by the prior compiler." *Southwestern Bell*, 371 F.Supp. at 906.

There is no doubt that defendant has copied from plaintiff's copyrighted directory. The defendant has admitted that such photocopying was a standard part of its solicitation practice, but asserts that the photocopying was only for the purpose of communicating with advertisers and not for publication. This distinction is without merit. Although defendant did not copy directly the advertisements from plaintiff's directory into its own directory, the completed directory will likely contain similar if not identical advertisements of the adver-

---

2. "Slipping" has been defined as "the act of one who takes a listing from another's copyrighted directory, and sends it to the listed party, merely asking that the information on the slip be confirmed or corrected." *National Research Bureau, Inc. v. Kucker*, 481 F.Supp. 612, 614 (S.D.N.Y.1979). Although this practice has been held to be a violation of the copyright law, *see Jeweler's Circular Publish-*ing Co. v. Keystone Publishing Co., 281 F. 83 (2d Cir.), *cert. den.* 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074 (1922), the application of that doctrine and definition to a modern yellow pages directory is at best unclear. For the purposes of this motion, the Court deems it unnecessary to determine whether the "slipping" doctrine is applicable to the facts now before the Court.

tisers from whom defendant receives approval and authorization. The solicitation form states:

"... your ad as it appears below will be published ...."

Since there does not appear to be any prior authorization for copying given to defendant from either Northwestern Bell or the individual advertisers, it is not necessary for the Court to determine at this time which party holds the reproduction rights to the individual advertisements. The defendant also claims that the copying constitutes such a small portion of the plaintiff's directories that there cannot be an infringement of the copyright on the compilation. The plaintiff, however, has shown that the defendant has copied the advertisements in a systematic and extensive manner. Furthermore,

"... the compiler of a general directory is not at liberty to copy any part, *however small*, of a previous directory, ...." *List Publishing Co. v. Keller*, 30 F. 772, 773 (C.C.S.D.N.Y.1887) (quoted in *National Research*, 481 F.Supp. at 615) (emphasis added).

■ The defendant also asserts a fair use defense to the charge of copyright infringement. 17 U.S.C. § 107 sets forth the relevant factors to consider in determining whether such a defense is warranted:

"... the factors to be considered shall include–

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work."

The plaintiff has shown that defendant's use of the copied advertisements is of a commercial nature, that the copying has been quite extensive, and that defendant intends to distribute a very similar directory in competition with several of plaintiff's directories. Moreover, *New York Times Co.*, upon which defendant relies heavily in its fair use claim, distinguishes the telephone directory cases as the type of cases in which the fair use defense has not been allowed. *New York Times Co.*, 434 F.Supp. at 222. On the facts thus far presented to the Court, defendants clearly have not established a fair use defense.

On the basis of the facts thus far presented, the Court concludes that the plaintiff has not only raised substantial questions going to the merits, but also has shown a likelihood of success on the merits on the issue of copyright infringement.

■ The general rule in alleged copyright infringement cases is that, for a preliminary injunction motion, irreparable injury is presumed once the movant has established a case of copyright infringement. *Metro–Goldwyn–Mayer v. Showcase Atlanta Co–op Productions*, 479 F.Supp. 351, 362 (N.D.Ga.1979); *New York Times Co.*, 434 F.Supp. at 220; *Uneeda Doll Co., Inc. v. Regent Baby Products*, 355 F.Supp. 438, 445 (E.D.N.Y.1972). Although the Court is of the opinion that this general rule is more appropriately applied to copyrighted products of a more creative nature than compilations, the plaintiff has demonstrated that is has a strong claim that its copyrights are being infringed. To permit the practice to continue while awaiting trial on the merits, considering the showing that the plaintiff has made, would unfairly burden both parties.

"The balancing of interests tips the scale in favor of a preliminary injunction: continued infringement not only erodes the plaintiff's statutory copyright but subjects the defendant to ever mounting damage and costs exposure, ...." *Uneeda Doll*, 355 F.Supp. at 445.

Furthermore, since under the terms of this Order defendant is free to solicit advertisers for its yellow pages directory *without* using photocopies or copies of advertisements appearing in the Northwestern Bell directory, the hardship placed on the defendant would appear to be minimal. The

Court finds that the plaintiff has satisfied the second part of the alternative tests.

Since the plaintiff's motion for preliminary injunction will be granted, the Court finds it unnecessary to discuss the same issues again under defendant's motion to deny the injunction—a motion which will be denied.

 The requirement of a security bond imposed by Fed.R.Civ.Proc. 65(c) is left to the sound discretion of the district judge. "Under appropriate circumstances bond may be excused notwithstanding the literal language of Rule 65(c)." *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Cir. 1977). *See also Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) ("... the matter of requiring a security in the first instance ... rest[s] within the discretion of the district judge.") Considering the strength of the case presented by the plaintiff, and the absence of any substantial harm accruing to the defendant under the injunction, the Court finds that no bond will be required, even though Northwestern Bell is not impecunious. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978).

IT IS ORDERED THAT:

1. Plaintiff's motion for a preliminary injunction be granted.

2. Defendant be, and is hereby, enjoined from using photocopies of pages or actual pages, or photocopies of listings and advertisements or actual listings and advertisements from any yellow pages directory that has been copyrighted by Northwestern Bell Telephone Company in solicitation by mail for any directory or other publication until further Order of this Court.

3. Defendant's motion for an Order denying plaintiff's motion for a preliminary injunction be denied.

4. Defendant's motion for a Rule 65(c) security bond in the amount of $1 million be denied.

5. Plaintiff need post no bond as security.