N.I.S. CORPORATION, Appellee,

v.

Paul SWINDLE, James Hovater, Richard Jordan, Appellants.

Western Reserve Life Assurance Company.

No. 83–1169.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Jan. 12, 1984.

---

Louis J. Wade, Kansas City, Mo., for appellants.

Daniel Flanigan, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.

LAY, Chief Judge.

Paul Swindle, James Hovater, and Richard Jordan were employed by Ozark National Life Insurance Company (Ozark) as insurance agents. In the spring of 1981 N.I.S. was incorporated for the purpose of acquiring all of the stock of Ozark. In connection with the sale of stock, Swindle, Hovater, and Jordan signed new employment contracts with N.I.S. The contracts contained restrictive covenants prohibiting competition within certain areas for a specified time period following the termination of the employment relationship. The contracts also contained a paragraph in which the signatories consented to the application of Missouri state law, and to venue and jurisdiction in the United States District Court for the Western District of Missouri.

N.I.S. Corp. brought this action on October 15, 1982, seeking injunctive and declaratory relief to enforce the restrictive covenants against Swindle, Hovater, and Jordan, all residents of Alabama. The district court [1] issued a temporary restraining order on October 18, 1982. This order was converted into a preliminary injunction on November 2, which was slightly modified on

1. The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

December 29. The district court found that it did have jurisdiction, that venue was proper, and that a preliminary injunction was warranted. These findings are challenged on appeal. We affirm.

*Jurisdiction*

■ Swindle, Hovater, and Jordan contend that the district court lacked "subject matter" jurisdiction because all of the acts that are the subject of the complaint occurred within Alabama. This allegation does not challenge subject matter jurisdiction. Jurisdiction of the district court was based on diversity of citizenship of the parties under 28 U.S.C. § 1332; defendants have not contested this diversity jurisdiction. We therefore find that the district court has subject matter jurisdiction.

The defendants contractually consented to both jurisdiction and venue in the Western District of Missouri. The relevant provision in the contract, which all three defendants signed, provides:

> This Contract shall be construed and interpreted according to the laws of the State of Missouri. Venue of any action brought pursuant to this Contract or by reason of an alleged breach hereof, whether brought by Agent or Company, at the discretion of Company shall be in the Circuit Court of Jackson County, Missouri or the United States District Court for the Western District of Missouri, Western Division, and Agent hereby waives any objection to the jurisdiction of or venue in either of said Courts and to the service of process issued by the Circuit Court of Jackson County, Missouri or the United States District Court, Western District of Missouri, Western Division, and Agent agrees that he may be served by any method of process described in the Missouri or Federal Rules of Civil Procedure, as the case may be. Agent agrees that the execution of this Contract by Agent constitutes the doing of business in the State of Missouri.

This provision is sufficient to grant the district court personal jurisdiction over the parties. The Supreme Court has observed: "[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315–16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964).

*Venue*

■ Swindle, Hovater, and Jordan contend that the district court abused its discretion in not granting their motion for a change of venue to Alabama pursuant to 28 U.S.C. § 1404(a). We initially note that venue is proper in Missouri regardless of the contractual forum selection. Section 1391(a) provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." There is no dispute that N.I.S., the only plaintiff, resides in Missouri.

Defendants do not dispute that a change of venue under § 1404(a) lies within the discretion of the district court. Concerning this discretion, we have previously held:

> The only relief which a party will be permitted to seek in [review of a § 1404(a) motion] is against manifest judicial arbitrariness. Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's action in the situation. If the facts and circumstances are rationally capable of providing reasons for what the district court has done, its judgment based on those reasons will not be reviewed.

*McGraw-Edison Co. v. Van Pelt,* 350 F.2d 361, 363 (8th Cir.1965) (per curiam). We find the factual circumstances of the case provide a rational basis for the district court's denial of a transfer to Alabama. Even though all the defendants reside in Alabama, plaintiff and some of plaintiff's witnesses reside in Missouri. Moreover, plaintiff has offered to pay the travel and

accommodation expenses encountered by defendants and a reasonable number of their witnesses. Plaintiff thus has not selected the present forum for harassment. We therefore affirm the district court's denial of venue change.

*Preliminary Injunction*

█ In challenging the district court's grant of a preliminary injunction, defendants argue that N.I.S. failed to show irreparable harm, lack of harm to the public interest, or likelihood of success on the merits. We do not agree. We believe that the four factors to be considered for granting a preliminary injunction have been met. *See Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109, 113 (8th Cir.1981) (en banc). First, N.I.S. has shown a threat of irreparable harm. The district court found that the individual defendants were each affirmatively soliciting business from holders of Ozark/N.I.S. policies. If the noncompete agreements are valid,[2] then we think an irreparable injury has been shown. As noted by the district court, the lack of a preliminary injunction would leave N.I.S. with the Hobson's choice of either filing a separate lawsuit for damages (or at least an amendment to an initial suit) each time one of the defendants solicited away another Ozark customer or waiting until Ozark's Alabama customers and goodwill had been completely drained away.

Second, we find that the equities balance in favor of N.I.S. According to the district court, the defendants agreed that the pre-liminary injunction will not critically injure their overall business.

Third, the district court found that N.I.S. probably will succeed on the merits. As we explained in *Dataphase,* this factor is not a "wooden" finding, but relates as well to the question of whether serious questions of law and fact are presented and whether the balance of hardship otherwise tips in favor of the movant.[3] Thus were the circumstances existing here. Defendants admitted that they solicited business from holders of Ozark/N.I.S. policies in violation of the noncompete agreements.

Defendants assert on appeal that Alabama law applies notwithstanding the contract's selection of Missouri law. If Alabama law is applicable, defendants argue that the noncompete agreements would be void and thus N.I.S. would not prevail. Whatever merit this argument may have, we believe it was not adequately briefed and considered below. We need not decide it here. The district court can more fully pass on this issue in its determination on the merits.

Fourth, we find no merit in defendants' argument that the public interest weighs in their favor. To the contrary, if these noncompete agreements are valid, the public interest calls for their enforcement.

In conclusion, we find that the district court had jurisdiction of this matter, that venue was proper, and that the district court did not err in denying transfer. We also find that the district court did not abuse its discretion in granting a prelimi-

---

**2.** The covenants may be overly broad, but the district court has taken notice of this and has given the provisions only partial effect. This is in accord with Missouri law. *See Orchard Container Corp. v. Orchard,* 601 S.W.2d 299, 304 (Mo.App.1980). The defendants also argue that the contracts were not supported by consideration. We disagree. The consideration was employment with a new employer. Moreover, defendants were each offered ten shares of N.I.S. stock. We agree with the district court that this is sufficient consideration.

**3.** As this court stated in *Dataphase:*

It follows that the court ordinarily is not required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success. This en-

deavor may, of course, be necessary in some circumstances when the balance of equities may come to require a more careful evaluation of the merits. But where the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation. 640 F.2d at 113.

This court also recognized in *Fennell v. Butler,* 570 F.2d 263 (8th Cir.1978), that it is error for a district judge to attempt to predetermine the merits of the case on only a preliminary showing. For this reason the requirement of probability of success should not turn on a mathematical likelihood of success.

nary injunction.  The order granting the preliminary injunction is affirmed.