ORIGINAL APPALACHIAN ART-WORKS, INC., a Georgia Corporation, Plaintiff-Appellant,

v.

McCALL PATTERN COMPANY, a Delaware Corporation, Defendant-Appellee.

No. 86–8591.

United States Court of Appeals, Eleventh Circuit.

Aug. 24, 1987.

Stanley F. Birch, Jr., Alan M. Wolper, Vaughan, Roach, Davis, Birch & Murphy, Atlanta, Ga., for plaintiff-appellant.

Jerre B. Swann, Atlanta, Ga., for defendant-appellee.

Before VANCE and KRAVITCH, Circuit Judges, and BROWN *, Senior Circuit Judge.

VANCE, Circuit Judge:

This appeal arises out of a case filed by Original Appalachian Artworks, Inc. ("OAA") against McCall Pattern Co. ("McCall") for copyright infringment and unfair marketing. The district court denied McCall's motion for summary judgment. After trial the district court rendered a judgment for McCall. McCall subsequently filed a motion for reasonable attorneys' fees, pursuant to 17 U.S.C. § 505. With the court's approval, 649 F.Supp. 832, the parties entered into a consent order providing that McCall would receive $100,-000 as its reasonable attorneys' fees and that OAA would have the right to appeal the award of attorneys' fees, but not the reasonableness of the amount. The only issue raised in this appeal is whether the award of attorneys' fees to McCall was appropriate.

OAA owns an interest in the copyright of Cabbage Patch Kids dolls and a registered copyright in the dolls' derivative works. Defendant McCall is a pattern company. In August 1982, McCall entered into a license agreement with Faye Wine, a doll designer and merchant. Her first two designs, marketed as "Blossom Babies," first appeared in the McCall pattern book in

April 1983. In April 1984, after the Cabbage Patch publicity had overrun the country, a third design by Wine appeared in McCall's pattern book. This third design became the subject of OAA's case.[1]

On appeal, OAA contends that "because of its good faith in bringing its claim, the complexity of the legal issues involved, and the colorable nature of its copyright infringement claim, the award of attorneys' fees to McCall was not justified and represents an abuse of discretion by the trial court." OAA primarily relies on its "track record" of pursuing only colorable claims of copyright violation against other infringers and the fact that McCall's motion for summary judgment was denied.

To support this argument OAA quotes the following language from this circuit:

[A] losing party's good faith and the complexity of the legal issues "likely would justify a *denial* of fees" to a prevailing party.... This result is all the more appropriate in the instant case where the plaintiff asserted colorable copyright claims of the type which "section 505 is intended in part to encourage."

*Donald Frederick Evans & Assoc. v. Continental Homes, Inc.*, 785 F.2d 897, 916–17 (11th Cir.1986) (quoting *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir.1982) and *Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984)) (emphasis in original). OAA misreads the import of the language quoted above. This language expressly deals with circumstances that would *justify* a denial of attorneys' fees, not with circumstances that would *require* a denial of fees. The law of this circuit is that "the only preconditions to an award of fees is [sic] that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d at 832. "[P]revailing defendants who are seeking attorney's fees under the Copy-

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Although OAA originally asserted copyright infringement claims with respect to the first two designs, it subsequently withdrew these claims.

right Act need not show that the plaintiff pursued the case in bad faith or that the claims were frivolous." *Donald Frederick Evans & Assoc. v. Continential Homes, Inc.,* 785 F.2d at 916.[2]

Since the parties stipulated to the amount of attorneys' fees, OAA admits to the reasonableness of this amount. Thus, the district court was clearly within its discretion in awarding attorneys' fees to McCall, the prevailing party.

AFFIRMED.

---

2. A more subtle argument, and one that OAA does not appear to articulate, is that the district court abused its discretion by granting attorneys' fees as a matter of course or under a belief that it was required to do so. While this circuit has not specifically addressed this issue, at least one other circuit has suggested that an award of attorneys' fees made as a matter of course is an abuse of discretion. *See Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 155–56 (3rd Cir.1986).

McCall did not suggest to the district court that it was entitled to attorneys' fees as a matter of course, and nothing in the district court's opinion suggests that the court was unaware of its discretion not to award attorneys' fees. On the contrary, the opinion appears to note the weak nature of OAA's case by observing that the court ruled against OAA on several issues. In fact, these were the major issues in the case. OAA appears to have conceded at oral argument that the district court was aware of its discretion.