833 F.2d 117
 1987 Copr.L.Dec. P 26,189, 4 U.S.P.Q.2d 1864
 Debra K. HARTMAN a/k/a Kay Kingsley, Appellant,
v.
HALLMARK CARDS, INCORPORATED, Mattel, Inc., Appellees.
Debra K. HARTMAN a/k/a Kay Kingsley, Appellee,
v.
HALLMARK CARDS, INCORPORATED, Mattel, Inc., Appellant.
 Nos. 86-1926, 86-2015.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 9, 1987.
Decided Nov. 12, 1987.
 
 Charles W. Grimes, Stamford, Conn., for appellant.
 Robert L. Driscoll, Kansas City, Mo., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Debra K. Hartman appeals the summary judgments entered in favor of defendants Hallmark Cards, Incorporated (Hallmark), and Mattel, Inc. (Mattel), in Hartman's suit for violations of the federal copyright and trademark laws and related state common law claims. See 17 U.S.C. Sec. 501; 15 U.S.C. Sec. 1125(a). Hartman asserts Hallmark and Mattel used Hartman's copyrighted graphics and script entitled "The Adventures of Rainbow Island" (Rainbow Island) as the basis for their commercially successful "Rainbow Brite" character and products (Rainbow Brite).
 
 
 2
 The district court determined Rainbow Island and Rainbow Brite are not substantially similar and granted summary judgment for Hallmark on each of the federal claims and one of the two state law claims. The remaining pendent state law claim was dismissed without prejudice. See Hartman v. Hallmark Cards, Inc., 639 F.Supp. 816 (W.D.Mo.1986). The district court granted Mattel's later similar motion for summary judgment and entered final judgment in the case. Hartman appeals, and we affirm.
 
 
 3
 Hallmark cross-appeals from the district court's unpublished order denying Hallmark's motion for attorney fees under the Copyright Act, 17 U.S.C. Sec. 505, the Lanham Act, 15 U.S.C. Sec. 1117, and rule 11 of the Federal Rules of Civil Procedure. We affirm the order denying fees.
 
 
 4
 Hartman is a free-lance author and artist who obtained a copyright on Rainbow Island in January 1983. During the first few months of 1983 she discussed with Hallmark the content of Rainbow Island and its possible adaptation for use by Hallmark. Hartman submitted Rainbow Island to Hallmark for consideration but Hallmark rejected it. The Rainbow Brite character was created and copyrighted over a period that encompassed the time during which Hartman submitted Rainbow Island to Hallmark. Hallmark developed Rainbow Brite greeting cards and animated television specials and granted licenses to Mattel and others permitting the manufacture and sale of Rainbow Brite merchandise including dolls and toys.
 
 I.
 
 5
 Hartman's arguments on appeal fall into two categories. First, she contends summary judgment relief is inappropriate in this case. Second, Hartman disputes the district court's holding on the pivotal issue of substantial similarity. We reject each of Hartman's contentions.
 
 
 6
 Hartman claims summary judgment is inappropriate because the district court record was incomplete at the time Hallmark's and Mattel's motions were considered. This claim is based on Hartman's contention the record did not contain some of the items that as a whole make up Rainbow Brite as a commercial property, and because the record contained only inaccurate synopses of others. Hartman argues the district court thus could not have made an adequate comparison of Rainbow Brite and Rainbow Island. We disagree.
 
 
 7
 The district court indicated in its decision it had reviewed United States Copyright Office authentications of Rainbow Brite and Rainbow Island, the animated productions, and related Rainbow Brite retail merchandise in connection with the motions for summary judgment. The district court also stated it was not relying on any party's synopsis, inaccurate or otherwise, in making its comparison of Rainbow Island and Rainbow Brite. In sum, it is apparent the district court considered the items identified as infringements by Hartman in her complaint: the Rainbow Brite graphics, story line, and television specials.
 
 
 8
 In view of the fact Hartman agreed to suspend pretrial discovery she is now in no position to contend the district court record was incomplete if it did not contain every commercial application of the Rainbow Brite character. Hartman did not file an affidavit stating any reason she could not effectively oppose Hallmark's motion, and Hartman did not seek to compel further discovery, see Fed.R.Civ.P. 56(f), thus refuting Hartman's contention further discovery was necessary to resolve the motions. See, e.g., Cassidy, Inc. v. Hantz, 717 F.2d 1233, 1235 (8th Cir.1983) (per curiam); Beckers v. International Snowmobile Indus. Ass'n, 581 F.2d 1308, 1311 (8th Cir.1978), cert. denied, 440 U.S. 986, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979); see also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2554-55, 91 L.Ed.2d 265 (1986). Considering the items reviewed by the district court and Hartman's election not to seek to compel discovery, we conclude the record before the district court was adequate to permit decision on the motions for summary judgment.
 
 
 9
 Hartman also challenges the district court's holding on what it correctly recognized as the central issue--whether Rainbow Brite and Rainbow Island are substantially similar works. To establish her claim for copyright infringement in the absence of direct evidence of copying, Hartman had to prove: (1) her ownership of the copyright in Rainbow Island; (2) access by Hallmark and Mattel to Rainbow Island; and (3) substantial similarity between Rainbow Island and Rainbow Brite in both ideas and expression. McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 318 (9th Cir.1987); Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir.1987). Hallmark and Mattel conceded the first two elements for purposes of the motions for summary judgment, leaving for resolution only the issue of substantial similarity.
 
 
 10
 Determination of substantial similarity involves a two-step analysis. McCulloch, 823 F.2d at 319. There must be substantial similarity "not only of the general ideas but of the expressions of those ideas as well." Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir.1977). First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. McCulloch, 823 F.2d at 319. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression. Id. The district court employing the two-step analysis found Hartman's work consisted almost entirely of noncopyrightable general themes or ideas and in any event that the expression by Hallmark and Mattel of any similar ideas did not satisfy the intrinsic test for expression.
 
 
 11
 Hartman argues the district court failed to recognize the existence of a fact question on the issue of substantial similarity because it ignored the affidavits of literary experts listing similarities of expression between Rainbow Brite and Rainbow Island. The listing of similarities does not alone generate an issue of material fact precluding summary judgment. Litchfield v. Spielberg, 736 F.2d 1352, 1356-57 (9th Cir.1984), cert. denied, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). Although expert opinion evidence is admissible in connection with the first step of the substantial similarity analysis to show similarity of ideas, analytical dissection and expert opinion are not called for under the second step in which substantial similarity of expression is measured by a different standard--the response of the ordinary, reasonable person. See Baxter, 812 F.2d at 424; Walker v. Time Life Films, Inc., 784 F.2d 44, 51-52 (2d Cir.1986); O'Neill v. Dell Publishing Co., 630 F.2d 685, 690 (1st Cir.1980); Sid & Marty Krofft Television Prods., Inc., 562 F.2d at 1164. By virtue of the standard employed, neither is evidence of an industry's custom relevant under the intrinsic test, and we reject Hartman's argument the district court improperly failed to consider evidence of custom and usage within the artistic design industry. The district court, while not a qualified literary critic, was "fitted by training and experience to compare [the] works and determine whether they evidence substantial similarity." O'Neill, 630 F.2d at 690. Thus, the district court did not commit error in proceeding to the second step to make its determination at the summary judgment stage. See Baxter, 812 F.2d at 424.
 
 
 12
 Summary judgment is not favored, but when substantial similarity is the sole issue it is appropriate if the works are so dissimilar that "reasonable minds could not differ as to the absence of substantial similarity in expression." Litchfield, 736 F.2d at 1355-56; see also Berkic v. Crichton, 761 F.2d 1289, 1292-93 (9th Cir.), cert. denied, 474 U.S. 826, 106 S.Ct. 85, 88 L.Ed.2d 69 (1985). Infringement of expression occurs only when the total concept and feel of the works in question are substantially similar. Baxter, 812 F.2d at 424. After reviewing the district court's comprehensive opinion and the record, including the content of Rainbow Island and Rainbow Brite, we agree with the district court's conclusion the two creations are not substantially similar in expression. We also agree any remaining apparent similarities are either noncopyrightable ideas, scenes a faire, or of an insubstantial nature. Summary judgment was properly entered against Hartman on her copyright claims.
 
 
 13
 In view of our conclusion on the issue of substantial similarity, Hartman has " 'little basis for asserting a likelihood of [consumer] confusion' * * * for purposes of a claim under * * * the Lanham Act." Warner Bros., Inc. v. American Broadcasting Cos., Inc., 720 F.2d 231, 246 (2d Cir.1983) (quoting Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 918 (2d Cir.1980)); see also Mihalek Corp. v. Michigan, 814 F.2d 290, 296 (6th Cir.1987); Litchfield, 736 F.2d at 1358. In addition to the lack of substantial similarity, Rainbow Island has not acquired the necessary secondary meaning in the mind of the consuming public in light of Hartman's own deposition testimony that a limited number of people have ever seen the Rainbow Island material. See generally Prufrock Ltd., Inc. v. Lasater, 781 F.2d 129, 132 (8th Cir.1986) (elements of section 43(a) Lanham Act violation); see also Truck Equip. Serv. Co. v. Fruehauf Corp., 536 F.2d 1210, 1219-21 (8th Cir.), cert. denied, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976). Because Hartman cannot show either likelihood of confusion or secondary meaning, Hallmark and Mattel were entitled to summary judgment on Hartman's Lanham Act claims.
 
 
 14
 Relying on pendent jurisdiction principles, Hartman also brought two claims under state common law theories of misappropriation and unfair competition. The misappropriation claim is basically a reformulation of Hartman's copyright claims and is thus preempted by federal law. 17 U.S.C. Sec. 301(a); Litchfield, 736 F.2d at 1358; Warner Bros., Inc., 720 F.2d at 247. To the extent misappropriation would require proof of substantial similarity or an essential equivalent, Hartman's misappropriation claim falls with our earlier analysis of that concept. Summary judgment for Hallmark and Mattel on the misappropriation claim was proper.
 
 
 15
 The only claim unaffected on the merits by the conclusion on substantial similarity is Hartman's pendent claim for unfair competition. Given the fact that all of Hartman's federal claims were dismissed on summary judgment, we find no abuse of discretion in the district court's dismissal of this claim without prejudice. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); Litchfield, 736 F.2d at 1358.
 
 
 16
 With regard to her unfair competition claim, Hartman maintains even if all the federal claims against Hallmark had dropped out prior to trial, the district court continued to have diversity jurisdiction over the unfair competition claim against Mattel. Hartman bases her argument on the fact Hartman and Mattel are citizens of different states, and Mattel had neither filed a motion for summary judgment nor joined in Hallmark's motion. Summary judgment for Hallmark without entry of a final judgment, however, did not remove Hallmark from the case as a party. Fed.R.Civ.P. 54(b). Because Hallmark and Hartman are both Missouri residents, complete diversity did not exist, and Hartman has shown no independent basis for federal jurisdiction over the unfair competition claim.
 
 
 17
 In sum, we have studied the record and reviewed Hartman's arguments for reversal including her claim the district court committed error in refusing to strike the affidavit of Hallmark's attorney. Finding none of them persuasive, we affirm the district court's entry of summary judgments in favor of Hallmark and Mattel and the dismissal of Hartman's remaining pendent claim without prejudice.
 
 II.
 
 18
 Hallmark cross-appeals from the district court's unpublished order denying Hallmark's motion for attorney fees against Hartman under the Copyright Act and the Lanham Act, and against one of Hartman's lawyers under rule 11 of the Federal Rules of Civil Procedure. Hallmark objects to the district court's use of differing standards for awarding fees under the Copyright Act depending on whether the prevailing party is a plaintiff or a defendant. Hallmark also contends the district court in all three instances applied legal standards that incorrectly focus on subjective bad faith as a requirement for the award of fees. Hallmark urges us to reverse the district court's order denying fees and to remand this portion of the case for reconsideration in light of the proper standards. Alternatively, Hallmark argues it is entitled to reversal because even under the standards articulated in its opinion the district court abused its discretion in refusing to award fees in this case.
 
 
 19
 The factual basis for Hallmark's fee request involves its contention Hartman proceeded with a lawsuit known to be essentially groundless. Specifically, Hallmark claims Hartman and her counsel were well aware two key elements of her claims--substantial similarity and secondary meaning--could not be proved, and this knowledge required misrepresentations of fact and law to keep the case afloat. Hartman responds that Hallmark confuses the basis for attorney fees with the ultimate outcome of the case, and that under even the most stringent standards, the district court did not abuse its discretion in denying fees.
 
 A.
 
 20
 Under the American rule, each party generally pays their own attorney fees unless express statutory authorization exists to the contrary. Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975)). The Copyright Act grants this authority in infringement actions to the district court which "in its discretion may * * * award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. Sec. 505. Hallmark is a prevailing party in this case because it succeeded on all significant claims except one, which was dismissed without prejudice. See Hensley, 461 U.S. at 433 & n. 7, 103 S.Ct. at 1939 & n. 7.
 
 
 21
 The award of fees under section 505 is committed to the discretion of the district court. Our review of the order denying fees is limited to determining whether that discretion was abused. See Toro Co. v. R & R Prods. Co., 787 F.2d 1208, 1210 n. 1 (8th Cir.1986). The court's factual findings on the fee issue are binding on us unless they are clearly erroneous; review of the applicable legal principles is plenary. See Lieb v. Topstone Indus., Inc., 788 F.2d 151, 154 (3d Cir.1986).
 
 
 22
 The courts of appeals have taken several approaches to the award of attorney fees under section 505. The Eleventh Circuit requires only that the litigant seeking fees is the prevailing party and that the fee is reasonable. Original Appalachian Artworks, Inc. v. McCall Pattern Co., 825 F.2d 355, 356 (11th Cir.1987); Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc., 785 F.2d 897, 916-17 (11th Cir.1986). An award of fees is not automatic, however. Although an award is not preconditioned on a showing of bad faith or frivolity, a losing plaintiff's good faith in bringing a colorable claim will justify a district court's denial of fees. Original Appalachian Artworks, Inc., 825 F.2d at 356; Donald Frederick Evans & Assoc., Inc., 785 F.2d at 916-17. Other courts impose a heavier burden on defendants than on plaintiffs on the theory plaintiffs must not be deterred from bringing infringement suits. In these courts fees are generally awarded to a prevailing plaintiff. Roth v. Pritikin, 787 F.2d 54, 57 (2d Cir.1986). On the other hand, these courts require the "award of attorney's fees to a defendant under section 505 [to] be predicated on a finding of bad faith or frivolity" by the plaintiff. McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 322 (9th Cir.1987).
 
 
 23
 Hallmark asks us to follow an evenhanded approach adopted by the Third Circuit. This approach rejects the differing standard for plaintiffs and defendants as well as a bad faith requirement. Lieb, 788 F.2d at 156. Expressing the belief that a prevailing party should not be awarded attorney fees as a matter of course, the Third Circuit leaves the matter to the discretion of the district court, taking into account factors such as "frivolousness, motivation, objective unreasonableness, * * * and the need in particular circumstances to advance considerations of compensation and deterrence." Id.
 
 
 24
 Admittedly, the district court's order denying fees is unclear on the precise legal standard it applied in denying Hallmark's fee request. Even so, we are not required in the circumstances of this case to select a definitive standard for awarding attorney fees in copyright cases. Unquestionably, the district court expressed doubt about the quality of Hartman's case. The court found, however, Hartman had not acted in bad faith and that her complaint was colorable and not baseless. Under any of the standards that have been applied to the section 505 fee determination, the finding that Hartman's claim was not baseless supports the district court's determination not to award fees. See Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc., 821 F.2d 800, 808 (D.C.Cir.1987). We cannot say the district court abused its discretion in denying Hallmark's motion for fees under the Copyright Act.
 
 B.
 
 25
 The Lanham Act provides the district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. Sec. 1117. We review the refusal to award fees for abuse of discretion. Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1133 (9th Cir.1986). Although Hartman does not have a registered mark under section 1117, we have held the remedies under this section, including attorney fees, are available in cases involving disputes over unregistered marks. Metric & Multistandard Components Corp. v. Metric's, Inc., 635 F.2d 710, 715-16 (8th Cir.1980). Thus, Hallmark is entitled to fees if Hartman's case is an exceptional one under the Lanham Act.
 
 
 26
 Hallmark argues the district court incorrectly premised its decision to deny fees under the Lanham Act on the absence of subjective bad faith by Hartman. Hallmark acknowleges bad faith is one, but it emphasizes not the only, basis for awarding fees under the Lanham Act, and contends that under the correct standard the district court's findings require a fee award.
 
 
 27
 An exceptional case is one in which a plaintiff brought an action that "was groundless, unreasonable, vexatious, or was pursued in bad faith." Hodge Chile Co. v. KNA Food Distrib., Inc., 575 F.Supp. 210, 214 (E.D.Mo.1983), aff'd, 741 F.2d 1086, 1087 (8th Cir.1984). The Senate Report on the bill adding the attorney fee provision to the Lanham Act indicates defendants will be allowed to recover fees in exceptional cases in order to "provide protection against unfounded suits brought * * * for harassment and the like." S.Rep. No. 93-1400, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Admin.News 7132, 7136; see also WSM, Inc. v. Wheeler Media Serv., Inc., 810 F.2d 113, 116 (6th Cir.1987); Standard Terry Mills, Inc. v. Shen Mfg. Co., 803 F.2d 778, 781-82 (3d Cir.1986). Bad faith is not a prerequisite to a Lanham Act fee award. See Reader's Digest Ass'n, Inc., 821 F.2d at 808-09; Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant, 771 F.2d 521, 526 (D.C.Cir.1985).
 
 
 28
 The district court's findings on the character of Hartman's case discussed in connection with fees under the Copyright Act apply equally here. The court's order when read in its entirety embodies the correct law, including the principle that absence of bad faith is not alone determinative on the Lanham Act fee issue. Although Hartman ultimately was unable to prove secondary meaning (like substantial similarity under the Copyright Act), the existence of one weak element in a potential theory of recovery did not convince the district court Hartman's case as a whole was flawed to the degree she should bear the cost of her opponent's attorney fees for obtaining summary judgment. Under these circumstances Hallmark has not demonstrated this is an exceptional case, and we cannot say the district court abused its discretion in denying Hallmark's request for fees under the Lanham Act.
 
 C.
 
 29
 Hallmark's objection to the district court's analysis of fees as sanctions under Federal Rule of Civil Procedure 11 is two-fold. First, Hallmark contends the district court erroneously applied a subjective bad faith standard in determining whether rule 11 had been violated. Second, in Hallmark's view once Hartman's conduct is analyzed under the proper standard, the district court had no discretion under rule 11 to deny fees.
 
 
 30
 The standard by which courts are to judge conduct challenged under rule 11 is one of objective reasonableness. Kurkowski v. Volcker, 819 F.2d 201, 204 (8th Cir.1987); O'Connell v. Champion Internat'l Corp., 812 F.2d 393, 395 (8th Cir.1987); Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir.1986). The rule as amended in 1983 is designed to discourage the filing of frivolous court papers or those that are " 'legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.' " Lieb, 788 F.2d at 157 (citations omitted). The district court's order on this issue contains some language from the former version of rule 11. This language apparently has resulted in an uncertainty that Hallmark seeks to assign as grounds for reversal.
 
 
 31
 Hartman's challenge is essentially to the district court's legal conclusion that rule 11 has not been violated. We review this conclusion de novo. Kurkowski, 819 F.2d at 203 n. 8. When read as a whole, we believe the district court's order incorporates the concept of objective reasonableness. Despite the fact Hartman may have had a weak case and did not ultimately prevail on the merits, the district court found her claims were not baseless. We are satisfied the district court was aware of and applied the proper rule 11 standard to findings of fact that are not clearly erroneous. Because we conclude the district court did not commit error in finding rule 11 was not violated, we are not required to reach the issue of whether sanctions are mandatory when a violation of the rule is found. See, e.g., Lieb, 788 F.2d at 157.
 
 
 32
 The district court's order denying Hallmark fees under the Copyright Act, the Lanham Act, and rule 11 of the Federal Rules of Civil Procedure is affirmed.
 
 
 33
 Each party shall bear its own costs of this appeal.
 
 
 
 *
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation