**BANKER'S PROMOTIONAL MARKETING GROUP, INC. and Curtis Varnado, Appellants,**

**v.**

**Flowrean ORANGE, d/b/a Northwest Financial Marketing, Inc., Appellee.**

**No. 90–5011.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Feb. 15, 1991.

Mark D. Lagalbo, Minneapolis, Minn., for appellants.

Orrin H. Haugen, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,[*] Senior District Judge.

PER CURIAM.

Plaintiffs Banker's Promotional Marketing Group and Curtis Varnado appeal from the district court's[1] order granting summary judgment in favor of defendant Flowrean Orange and dismissing without preju-

---

[*] The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

dice plaintiffs' pendent state law claims against Orange. We affirm.

Banker's Promotional Group, Inc. publishes an informational brochure entitled "Guide for Buyers and Sellers," which it sells to real estate agents, lenders, and home buyers. The brochure includes information on obtaining a mortgage, explains the types of mortgages available, defines many of the terms commonly used in real estate transactions, and offers advice on use of a real estate broker and moving company. Curtis Varnado, the president and sole shareholder of Banker's, owns a copyright on the "Guide for Buyers and Sellers" brochure.

In March, 1988, defendant Flowrean Orange entered into a sales agency agreement with Banker's. Under the agreement, Banker's agreed to pay Orange a commission for the sale and distribution of the Guide for Buyers and Sellers. Orange agreed to refrain from distributing any products similar to the Guide. The agreement was to remain in effect for two years.

Orange began to distribute a publication entitled "Home Buyers and Sellers 'How To' Guide" in February or March of 1989. Banker's and Varnado sued Orange, alleging in their complaint that the "How To" Guide infringed the copyright on the Guide for Buyers and Sellers. Plaintiffs further alleged state law claims of unfair competition and trade secret misappropriation. The district court denied plaintiffs' request for a preliminary injunction and granted defendant's motion for summary judgment on the copyright claim, holding as a matter of law that defendant's "How To" Guide was not substantially similar to plaintiffs' Buyers and Sellers Guide.

In evaluating defendant's motion for summary judgment, the district court applied the test for copyright infringement adopted by this Court in *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir.1987). Although both plaintiffs' and defendant's pamphlets discuss similar topics and hence contain similar general ideas, the district court concluded an ordinary, reasonable person would not find substan-tial similarity in the expression of those ideas. *See id.*

■ We have examined the copies of both publications which counsel provided to the Court during oral argument, as well as the affidavits of plaintiff Varnado setting forth the specific passages from defendant's publication which plaintiffs claim are substantially similar to passages contained in plaintiffs' publication. Our review convinces us there is no genuine issue of fact regarding substantial similarity of expression in this case. Although many of the general topics are the same, the means of expression, or words, used in defendant's publication are different from the means of expression, or words, used in plaintiffs' publication. The organization and format are also different. This is not a case where defendant copied plaintiffs' publication word-for-word, page-for-page, format-for-format. *Cf. United Telephone Co. v. Johnson Publishing Co.*, 855 F.2d 604, 609 (8th Cir.1988).

We find the publications in this case are so dissimilar that "reasonable minds could not differ as to the absence of substantial similarity of expression." *Hartman*, 833 F.2d at 120. Under these circumstances, the district court properly granted summary judgment against plaintiffs on their copyright infringement claim.

■ As in *Hartman*, plaintiffs also alleged misappropriation and unfair competition claims pursuant to state law. In *Hartman*, this Court approved the granting of summary judgment against plaintiff on his misappropriation claim on the ground that such a claim was preempted by federal copyright law and would require proof of substantial similarity or an essential equivalent. *Id.* at 121. Finding that the only claim unaffected by the court's holding on lack of substantial similarity was plaintiff's unfair competition claim, the *Hartman* Court approved the district court's dismissal of that claim without prejudice because all of plaintiff's federal law claims were dismissed on summary judgment. *Id.* The district court's memorandum order applies the same rationales to the misappropriation and unfair competition claims presented by

plaintiffs in this case, and, as in *Hartman*, we find no error.

The judgment of the district court is affirmed.