**Milo E. GLASS, et al., Plaintiffs,**

v.

**IDS FINANCIAL SERVICES, INC.; IDS Life Insurance Company; and IDS Financial Corporation, Defendants.**

**Donald STEPHENS, et al., Plaintiffs,**

v.

**IDS FINANCIAL SERVICES, INC.; IDS Life Insurance Company; and IDS Financial Corporation, Defendants.**

Civ. Nos. 4–89–76, 4–89–115.

United States District Court, D. Minnesota, Fourth Division.

June 20, 1991.

Stephen J. Snyder, David P. Pearson, Laurie A. Knocke, and Winthrop & Weinstine, Minneapolis, Minn., for plaintiffs.

John D. Levine, Janice Symchych, Roy A. Ginsburg, Michael J. Wahoske, and Dorsey & Whitney, Minneapolis, Minn., for defendants.

Jeanette Goss, Frances H. Assa, E.E.O.C., Milwaukee Dist. Office, Milwaukee, Wis., Lloyd B. Zimmerman, Sr. Trial Atty., E.E.O.C., Minneapolis, Minn., for intervenor-plaintiff.

## ORDER

DOTY, District Judge.

This matter is before the court on various dispositive motions brought by both parties. A hearing was held on June 17 and 18, 1991. At the hearing, the court took the motions under advisement and sanctioned both law firms pursuant to Rule 11, Federal Rules of Civil Procedure and the inherent power of the court. *See Chambers v. Nasco, Inc.,* —— U.S. ——,

111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The court found that the appropriate sanction against each law firm was $50,000.

Rule 11 provides for the imposition of sanctions if a pleading, motion or other paper is interposed for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. Fed.R.Civ.P. 11. "The standard by which courts are to judge conduct challenged under rule 11 is one of objective reasonableness." *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 124 (8th Cir. 1987) (citations omitted). Under this standard, the court ruled that both law firms submitted briefs which violated Magistrate Judge Boline's order dated December 3, 1990.[1] The court found that both law firms exceeded the page limit set forth in the magistrate judge's order by over 600 pages.[2] The court further found that the briefs, which totaled over 2,400 pages, were interposed for an improper purpose pursuant to Rule 11, that is to unnecessarily delay the litigation process.[3]

Based on the files, records, and proceedings herein, and for the reasons set forth at the hearing, IT IS HEREBY ORDERED that:

1. Dorsey & Whitney is sanctioned $50,000, to be paid by the law firm unless the law firm can certify to the court that its client forced it to violate the magistrate judge's order;

2. Winthrop & Weinstine is sanctioned $50,000, to be paid by the law firm unless the law firm can certify to the court that its clients forced it to violate the magistrate judge's order;

3. Checks for the above sanctions shall be made payable to the Clerk of the United

---

1. Magistrate Judge Boline's order stated that for purposes of dispositive motions:

   Memorandums of law shall not exceed 40 pages, standard size type, without leave of Court upon good cause being shown. The moving parties shall not submit separate memorandums for each plaintiff.

   The moving parties shall set forth a list of all uncontested facts upon which the motion is based. The uncontested facts shall not count as part of the 40 page cap on the memorandum.

2. The court found that although the magistrate judge's order permitted the moving party to set forth undisputed facts that were not to be counted for purposes of the 40 page limit, it was impossible to determine which facts were disputed or undisputed in many of the briefs.

3. Magistrate Judge Boline previously sanctioned both law firms. Magistrate Judge Boline also ordered the law firms to communicate with the court only by motion, prohibiting any more phone calls or letters from the law firms.

States District Court and be paid no later than June 28, 1991; and

4. The Clerk is ordered to deposit the funds into the General Treasury of the United States under "Costs".