_____

No. 95-2966
No. 95-3100
_____

Scott Fetzer Company,            *
Kirby Company Division,          *
                                 *
     Appellant/Cross-Appellee,   *
                                 *  Appeals from the United States
     v.                          *  District Court for the
                                 *  District of Minnesota.
Stan Williamson, doing business  *
as The Vacuum Doctor,            *
                                 *
     Appellee/Cross-Appellant.   *

_____

Submitted:  June 12, 1996

Filed:  November 29, 1996
_____

Before LOKEN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The Scott Fetzer Company and its Kirby Company Division appeal from a judgment of the district court[1] on Stan Williamson's defamation claim against Kirby. Kirby argues that the defamatory statements made by its attorneys were absolutely privileged, that it cannot be liable for defamatory statements made by its distributor, that the district court erred in denying Kirby's motion for a new trial because Kirby had a qualified privilege to make its statements, and finally that the damage award was unreasonable and excessive. Williamson cross-appeals, arguing that

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

the district court erred in setting aside his award for lost profits and that it abused its discretion in denying him his attorney's fees. We affirm.

Kirby manufactures vacuum cleaners under its trademark name of Kirby. Kirby tries to limit the distribution of its vacuum cleaners to sales to individual consumers through in-home demonstrations by Kirby-authorized distributors. Kirby will provide a warranty for a Kirby vacuum cleaner only when it is sold in this manner. To activate the factory warranty, Kirby requires the distributor to fill out a "gold card" in the name of the buyer. The gold card has the serial number of the vacuum cleaner and the name of the buyer. When the distributor sends the gold card to Kirby, Kirby registers the factory warranty for that vacuum cleaner in the name of the buyer on the gold card.

Stan Williamson does business as The Vacuum Doctor in Austin, Minnesota. His work consists of servicing and selling different makes of vacuum cleaners, including Kirby's. Williamson advertised new Kirby vacuum cleaners for sale.

The Kirby-authorized distributor in Austin, Mark Guentzel, complained to Kirby that Williamson was advertising new Kirby vacuum cleaners for sale when he was not a Kirby-authorized distributor. Kirby asked Guentzel to buy a new Kirby vacuum cleaner from Williamson, which Guentzel did by sending an employee, Carol Bakken, to Williamson's store. After receiving the vacuum cleaner, Guentzel sent it to Kirby.

Kirby had a gold card in its records for the Kirby vacuum cleaner that Williamson sold to Bakken. This gold card showed that Maria Guadalupe Estrada of Bell Gardens, California had bought this vacuum cleaner. The gold card also showed that a salesman for Mohammed Tai, a Kirby-authorized distributor in southern California, sold the vacuum cleaner to Estrada.

-2-

Estrada, however, never bought the Kirby vacuum cleaner covered by the gold card and sold by Williamson. A salesman attempted to sell Estrada a Kirby vacuum cleaner, but she refused because it was too expensive.

Tai had seven people working for him selling Kirby vacuum cleaners. To give his sales people an incentive to sell, Tai had sales contests offering prizes to the person who sold the most Kirby vacuum cleaners. Even though Tai knew that Kirby required him to sell its vacuum cleaners to individual consumers through in-home demonstrations, Tai also knew that his salespeople would sometimes sell new Kirby vacuum cleaners to wholesalers at low prices just to win his sales contests. Tai had no way of knowing who bought the new Kirby vacuum cleaner which Williamson later sold to Bakken in Minnesota.

Williamson received the Kirby vacuum cleaner he sold to Bakken from Robert Katzer. Katzer is a wholesaler of vacuum cleaners, including Kirby's, in southern California. Katzer bought the vacuum cleaner he sold to Williamson from Rashid Fahimi, another vacuum cleaner wholesaler in southern California. When Katzer bought the vacuum cleaner from Fahimi, it was new and still in its factory packaging. The Kirby vacuum cleaner was still in this condition when Katzer sent it to Williamson for sale to Bakken.

Besides asking Guentzel to buy a vacuum cleaner from Williamson, Kirby also had its attorneys send three letters to Williamson. The third letter from Kirby's attorneys stated that Williamson had sold as "new" a used Kirby vacuum cleaner. One of Kirby's attorneys sent a copy of this letter to two newspapers in which Williamson advertised.

After getting no response from Williamson to its letters, Kirby brought this action to enjoin some aspects of Williamson's advertising of Kirby vacuum cleaners as violations of the Lanham

Act, 15 U.S.C. §§ 1051-1127 (1994), and various Minnesota laws. Williamson counterclaimed, arguing that Kirby had defamed him and violated the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 to 325D.48 (1994), and the Minnesota Consumer Fraud Act, Minn. Stat. §§ 325F.68 to 325F.70 (1994 & Supp. 1995). The district court granted Kirby a preliminary injunction against certain aspects of Williamson's advertising mentioning Kirby. The district court decided Kirby's equitable claims, while a jury decided Williamson's claims.

After trial the district court ruled against Kirby on all of its claims, while the jury found that Kirby had defamed Williamson and violated the Minnesota Deceptive Trade Practices Act and the Minnesota Consumer Fraud Act. The jury also found that Kirby's defamation of Williamson had caused Williamson $90,000 in damages and that Kirby's violation of Minnesota law had cost Williamson $5,000 in lost profits. After trial the district court set aside the jury's finding that Williamson lost $5,000 in profits because Williamson failed to present sufficient evidence to support that finding. The district court also declined to award Williamson, as the prevailing party, his attorney's fees under the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the Minnesota Consumer Fraud Act. Kirby appeals the jury's finding that it defamed Williamson, while Williamson cross-appeals the district court's setting aside of the award of lost profits and its denial of an award of attorney's fees.

**I.**

**A.**

Kirby argues that the district court should have granted Kirby judgment as a matter of law on Williamson's defamation claim because all of Kirby's statements concerning Williamson are

absolutely privileged.[2]

We review de novo a district court's decision on whether to grant a party's motion for judgment as a matter of law. Keenan v. Computer Assocs. Int'l, Inc., 13 F.3d 1266, 1268 (8th Cir. 1994). In determining whether a party is entitled to judgment as a matter of law, we view the evidence in the light most favorable to the jury's verdict and must not engage in weighing evidence or considering questions of credibility. Id. at 1268-69. Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the jury's verdict. Id. at 1269. If any of Kirby's defamatory statements are not absolutely privileged, Kirby will not be entitled to judgment as a matter of law, as there will be evidence to support the jury's verdict that Kirby defamed Williamson.

Minnesota law governs Williamson's defamation claim against Kirby. Whether a statement is absolutely privileged is a question of law which we review de novo. Kittler v. Eckberg, Lammers, Briggs, Wolff & Vierling, 535 N.W.2d 653, 655 (Minn. Ct. App. 1995), cert. denied, 116 S. Ct. 1850 (1996). An attorney is absolutely privileged to make defamatory statements as long as those statements are a part of the preparation for or the conduct of a judicial proceeding. Matthis v. Kennedy, 67 N.W.2d 413, 417-19 (Minn. 1954); Kittler, 535 N.W.2d at 655. An attorney is not absolutely privileged to make defamatory statements to the news media when the news media is unconnected with a proposed judicial proceeding. Asay v. Hallmark Cards, Inc., 594 F.2d 692, 697-98 (8th Cir. 1979) (applying Iowa law); Kleier Advertising, Inc. v. Premier Pontiac, Inc., 921 F.2d 1036, 1043-44 (10th Cir. 1990) (applying Oklahoma law).

---

[2]Kirby does not argue that the jury incorrectly found Kirby's statements to be defamatory.

Kirby argues that its attorneys were absolutely privileged to send to the newspapers a copy of their third letter to Williamson because the copy was a communication preliminary to a proposed judicial proceeding. Kirby contends that it planned to sue Williamson over his advertising in the newspapers and that the newspapers, as publishers of his advertisements, were potential defendants in this proposed lawsuit. Kirby concludes that its attorneys sent the copy to the newspapers in an attempt to resolve the legal dispute between Kirby and Williamson and the newspapers.

The district court rejected Kirby's arguments on absolute privilege because Kirby did not contend, nor was there any evidence, that the newspapers were potential parties to Kirby's lawsuit against Williamson. We affirm the district court's order and reject Kirby's argument because there is no evidence that Kirby ever intended to sue the newspapers. Kirby's only contact with the newspapers was mailing them copies of its letters to Williamson. Those letters were directed exclusively at Williamson and his conduct, and threatened legal action only against Williamson. This record is insufficient for us to conclude that Kirby was considering bringing legal action against the newspapers, and that the mailing of the copies was part of its preparation for a lawsuit against the newspapers. Cf. Kittler, 535 N.W.2d at 656.

The evidence that Kirby cites to support its argument is: (1) that the newspapers were potentially liable to Kirby because they published Williamson's advertisements; (2) that Kirby sent copies only to the two newspapers which carried Williamson's advertisements; and (3) that Kirby did not send the copies as part of a request that the newspapers publicize Kirby's charge of unlawful conduct against Williamson. None of this evidence supports Kirby's argument that the newspapers were potential parties to Kirby's lawsuit against Williamson. While the newspapers may have been liable to Kirby, this is not evidence that Kirby intended to sue the newspapers. Likewise, the last two facts

Kirby raises in no way bear on the issue of whether the newspapers were potential parties to Kirby's lawsuit against Williamson.

We conclude that Kirby's attorneys were not absolutely privileged to send to the newspapers a copy of their third letter to Williamson because the newspapers were unconnected with Kirby's proposed lawsuit against Williamson.  See Asay, 594 F.2d at 697-98.  Accordingly, we must reject Kirby's argument that there was no evidence to support the jury's verdict that Kirby defamed Williamson.  Kirby's publication to the two local newspapers of its third letter to Williamson is enough evidence to support the jury's verdict.  See Keenan, 13 F.3d at 1274-75.

Because the copy Kirby sent to the newspapers is not absolutely privileged and is enough evidence to support the jury's verdict, we need not reach the issues of whether other communications by Kirby's attorneys are absolutely privileged or whether Kirby is responsible for other defamatory statements made by Guentzel.

**B.**

Kirby argues that the district court should have instructed the jury that Kirby was liable for its defamatory statements only if Kirby made those statements with malice.  Kirby asserts that it was entitled to this instruction because it had a qualified privilege to make all of its defamatory statements.

A party has a qualified privilege to make a defamatory statement when he makes that statement on a proper occasion, with a proper motive, and based on reasonable or probable cause.  Lewis v. Equitable Life Assurance Soc'y, 389 N.W.2d 876, 889 (Minn. 1986).  Whether a party has probable cause to believe that his defamatory statement is true is a question of law unless the evidence as to the existence of probable cause leads to more than

one conclusion.  Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 380-81 & n.4 (Minn. 1990); Brooks v. Doherty, Rumble & Butler, 481 N.W.2d 120, 125 (Minn. Ct. App. 1992).  When a party making a defamatory statement takes no steps to investigate but relies entirely on hearsay without verification, he has not acted as a reasonably prudent person and lacks probable or reasonable grounds for making a defamatory statement.  Wirig, 461 N.W.2d at 380-81.

We reject Kirby's argument that all of its statements were qualifiedly privileged.  We will assume without deciding that all of its statements were made on a proper occasion and with a proper motive.  Kirby, however, did not have reasonable grounds for its accusation that Williamson had sold a used Kirby vacuum cleaner as a new one.  Bakken, at Kirby's request, bought a new Kirby vacuum cleaner from Williamson.  Kirby had a gold card stating that a Kirby-authorized salesman had previously sold this vacuum cleaner to Estrada in California.  Relying solely on this gold card, without inspecting the vacuum cleaner for use or verifying the accuracy of the gold card, Kirby published its charge that Williamson had sold a used vacuum cleaner as new.  We conclude as a matter of law that Kirby failed to conduct a reasonable investigation before making this defamatory statement, and, therefore, Kirby did not have a qualified privilege to make this statement.  See Wirig, 461 N.W.2d at 380-81.

Kirby argues that it is entitled to an instruction on malice because all of its defamatory statements are qualifiedly privileged.  As at least one of its statements is not qualifiedly privileged, we find no error in the district court's denial of Kirby's requested instruction.

**II.**

Kirby argues that the jury's award of damages to Williamson for Kirby's defamation is unreasonable and excessive.  In

Minnesota, defamatory statements about a person's business reputation constitute defamation per se and give rise to a presumption of general damages.  <u>Keenan</u>, 13 F.3d at 1273.  In such cases we tend to leave the amount of damages to the jury's discretion.  <u>Id.</u>  We will require a new trial because of an award of unreasonable damages only when the jury's award is so exorbitant as to shock the sense of the court.  <u>Id.</u> at 1273-74. The jury's award in this case is not so exorbitant as to shock the sense of the court.

## III.

On cross-appeal Williamson argues that the district court should have awarded him his attorney's fees.  Williamson argues that he is entitled to attorney's fees under the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the Minnesota Consumer Fraud Act.

## A.

The Lanham Act permits the district court to award attorney's fees to the prevailing party in exceptional cases.  15 U.S.C. § 1117.  When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant.  <u>Hartman v. Hallmark Cards, Inc.</u>, 833 F.2d 117, 123 (8th Cir. 1987).  Under the Lanham Act we review the district court's decision on whether to award attorney's fees for abuse of discretion.  <u>Id.</u>  Even though Kirby lost on its Lanham Act claims against Williamson, there is some evidence in the record to support Kirby's claims.  Therefore, Kirby's case is not exceptional, and the district court correctly refused to award Williamson his attorney's fees under the Lanham Act.

The Minnesota Deceptive Trade Practices Act permits the district court to award attorney's fees to the prevailing party if: (1) the party complaining of a deceptive trade practice has brought a lawsuit knowing it to be groundless; or (2) the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive. Minn. Stat. § 325D.45, subd. 2 (1994). Under the Minnesota Deceptive Trade Practices Act, we review the district court's decision on whether to award attorney's fees for abuse of discretion. Cf. Hartman, 833 F.2d at 123; Becker v. Alloy Hardfacing & Engineering Co., 401 N.W.2d 655, 661 (Minn. 1987).

Williamson argues that Kirby willfully engaged in deceptive trade practices by accusing him of selling used Kirby vacuum cleaners as new when Kirby knew or should have known that this was false. Williamson concludes that the district court abused its discretion in denying him attorney's fees because of Kirby's willful misconduct.[3]

Kirby attempts to prevent unauthorized distributors from receiving new Kirby vacuum cleaners. Under this system Kirby only distributes new Kirby vacuum cleaners to Kirby-authorized distributors whom Kirby contractually obligates to sell to individual consumers. Assuming all authorized distributors live up to their obligations, no unauthorized dealer should be able to sell a new Kirby vacuum cleaner. Additionally, Kirby had a gold card showing that the new Kirby vacuum cleaner Williamson sold to Bakken had been previously sold to Estrada in California. This evidence supports the honest belief of everyone associated with Kirby that

---

[3]Williamson also argues that the district court should have awarded him attorney's fees because Kirby brought a groundless lawsuit against him. As we stated above, Kirby's lawsuit is not groundless, as there is some evidence in the record to support it.

Williamson could not get new Kirby vacuum cleaners and that he had sold a used one as new.

Williamson points to evidence which shows that Kirby should have known that it was falsely accusing Williamson of selling a used Kirby vacuum cleaner as new. The record shows that Kirby knew that some of its authorized distributors sold new Kirby vacuum cleaners to wholesalers, and that it was possible for Williamson to obtain a new Kirby vacuum cleaner. It also shows that Kirby failed to verify the accuracy of its gold card when it easily could have done so by calling Estrada or inspecting the vacuum cleaner Williamson sold to Bakken. This evidence shows that Kirby was negligent in accusing Williamson, see Wirig, 461 N.W.2d at 380-81, but it does not force us to conclude that Kirby willfully engaged in a trade practice it knew to be deceptive. On this record the district court did not abuse its discretion in refusing to grant Williamson his attorney's fees under the Minnesota Deceptive Trade Practices Act.

## C.

A plaintiff may recover his attorney's fees resulting from a successful lawsuit for a violation of the Minnesota Consumer Fraud Act. Minn. Stat. § 8.31, subd. 1, subd. 3a (1994). Under the Minnesota Consumer Fraud Act, we review the district court's decision on whether to award attorney's fees for abuse of discretion. Hutchinson Utils. Comm'n v. Curtiss-Wright Corp., 775 F.2d 231, 243 (8th Cir. 1985). For the reasons we have already set out above, the district court did not abuse its discretion in denying Williamson an award of his attorney's fees under the Minnesota Consumer Fraud Act.

## IV.

Finally, Williamson argues that the district court erred in

setting aside the jury's award of damages for his lost profits. We must reinstate the jury's award if the evidence at trial is susceptible to any reasonable inferences sustaining the award. Cashman v. Allied Prods. Corp., 761 F.2d 1250, 1253 (8th Cir. 1985). To receive an award for lost profits, Williamson must have shown that he lost profits due to Kirby's wrongful conduct. Polaris Indus. v. Plastics, Inc., 299 N.W.2d 414, 419 (Minn. 1980); Cashman, 761 F.2d at 1252-53. Williamson provided evidence that his sales of vacuum cleaners declined during the time of Kirby's wrongful conduct. Williamson failed, however, to provide any evidence linking his decline in sales to Kirby's wrongful conduct. Without such evidence, we cannot reinstate the jury's award for lost profits. See Polaris, 299 N.W.2d at 419.

We affirm the district court's judgment in all respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.