# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3906MN

_____

| | | |
|---|---|---|
| Taylor Corporation, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District |
| | * | of Minnesota. |
| Four Seasons Greetings, LLC, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 10, 2002
Filed: January 15, 2003

_____

Before RILEY, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The Taylor Corporation, a manufacturer of greeting cards with original decorative designs, obtained a preliminary injunction in the District Court[1] against a competitor, Four Seasons Greetings, LLC, to prevent further alleged infringement of its copyrights in six greeting cards. Four Seasons appeals the grant of the preliminary injunction against it on the grounds that the District Court made errors of law when it determined that the doctrine of scènes à faire was inapplicable to this case, and in

_____

[1]The Hon. David S. Doty, United States District Judge for the District of Minnesota.

its application of this Court's intrinsic test of similarity between the original cards and the infringing cards. Four Seasons also argues that the District Court made clearly erroneous factual findings of substantial similarity between each of the six original cards and the allegedly infringing cards. We affirm the District Court's decision to grant a preliminary injunction, recognizing that, if the proof at the trial on the merits should be different, the case could go the other way on final judgment.

I.

Taylor Corporation creates and sells greeting cards with original decorative designs. It holds copyrights on many of its greeting-card designs, including the six greeting cards at issue in this case. The three artists who created the allegedly infringing Four Seasons cards, Frank Stockmal, Aleta Brunettin, and Michael Shelton, had previously worked for Creative Card Company, a company whose assets (including card designs) were later purchased by Taylor, in early 2000. On June 25, 2001, and August 3, 2001, Taylor registered and received United States Certificates of Registration on these six cards, entitled: "Wreath with Verse," "Pencil Sketch Farm," "Colored Presents," "Ribbon of Flags Around Globe," "Three World of Thanks Globe Ornament," and "Thanksgiving Cart."

Four Seasons competes directly with Taylor for customers and sales. It contends that its cards were not copied from any of appellee's designs, and that proper application of the doctrine of scènes à faire requires a holding that there was no copyright infringement. The District Court granted Taylor's motion for a preliminary injunction, to take effect on the posting of a bond in the amount of $205,000, as required by Federal Rules of Civil Procedure 65(c), in an amended order of November 26, 2001. Joint Appendix 382-400.

II.

A District Court's decision to grant a preliminary injunction will not be overturned absent a clearly erroneous factual determination, an error of law, or an abuse of discretion. Campaign for Family Farms v. Glickman, 200 F.3d 1180, 1186 (8th Cir. 2000). Whether the equitable remedy of a preliminary injunction should issue depends on four factors: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting the injunction will cause to the other parties litigant; and (4) the public interest. This analysis requires a balancing of the four factors. The scope of review of a grant of preliminary injunction on appeal is narrow. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981) (en banc).

In copyright-infringement cases, the general rule is that a showing of a prima facie case raises a presumption of irreparable harm. Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir. 1983), cert. dismissed, 464 U.S. 1033, 104 S. Ct. 690, 79 L. Ed.2d 158 (1984). If Taylor made a prima facie showing of copyright infringement, the District Court properly presumed that Taylor would suffer irreparable harm in the form of lost sales, absent the grant of a preliminary injunction against Four Seasons. With respect to factor three, the balance of harms as between Taylor and Four Seasons, if copyright infringement is proved, this factor becomes negligible, and would favor Taylor. E.F. Johnson Co. v. Uniden Corp. of America, 623 F. Supp. 1485, 1491 (D. Minn. 1985).

The fourth factor to be considered in determining whether a preliminary injunction should issue is the public interest. The public interest is served in protecting the holders of valid copyrights from infringing activity — an interest served here by the grant of a preliminary injunction against Four Seasons. Id. at 1504.

III.

The central issue in dispute is the first factor, whether Taylor would be likely to succeed in establishing copyright infringement at trial. In order to prevail on a copyright-infringement claim, Taylor must be able to prove that it owns valid copyrights in the works infringed, and that Four Seasons copied those works. Moore v. Columbia Pictures Indus., Inc., 972 F.2d 939, 941 (8th Cir. 1992). Since Taylor holds certificates of registration in all six cards, it has provided prima facie evidence of the validity of its copyright in the cards at issue and is entitled to a rebuttable presumption of the validity of its copyrights. 17 U.S.C. § 410(c) (2002).

Copying may be demonstrated by direct evidence or, as here, by circumstantial evidence establishing that Four Seasons had access to the copyrighted material, and that there is substantial similarity between the Taylor cards and the Four Seasons cards. It is undisputed that Four Seasons had direct access to at least four of Taylor's six designs, because the three artists who created the designs later created the alleged infringing designs for Four Seasons: "Happy Holidays," "Globe with Streamers," "Bright New World," and "Pumpkin Wagon." Given the competitive nature of the greeting-card business, and the fact that the two other cards, "Wreath with Verse," and "Pencil Sketch Farm," were available in stores, there is no dispute that Four Seasons had access to all six of Taylor's copyrighted cards. Four Seasons, however, challenges the District Court's interpretation of the scope of the copyrights in those cards.

Appellants argue that the District Court erred as a matter of law in finding the doctrine of scènes à faire inapplicable to this case. Notably, the case which introduced the concept of scènes à faire into copyright jurisprudence involved a dispute between script writers and filmmakers, where the phrase was defined as "scenes which 'must' be done." Schwarz v. Universal Pictures Co., 85 F. Supp. 270, 275 (S.D. Cal. 1945). The doctrine has most frequently been applied in the film,

television, and video contexts. "Scènes à faire" refers to "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." Atari, Inc. v. North Am. Philips Consumer Elecs. Corp., 672 F.2d 607, 616 (7th Cir.), cert. denied, 459 U.S. 880 (1982). As Nimmer points out, the doctrine "does not limit the subject matter of copyright; instead, it defines the contours of infringing conduct. Labeling certain stock elements as 'scènes à faire' does not imply that they are uncopyrightable; it merely states that similarity between plaintiff's and defendant's works that are limited to hackneyed elements cannot furnish the basis for finding substantial similarity." Nimmer on Copyright § 13.03[B]4 at 13-75 (2002). In urging that correct application of the scènes à faire doctrine would have dictated a different result in this case, appellants contend, for example, that the two wreath cards contain similarities which, because they amount to stock elements found in all depictions of Christmas wreaths, amount to unprotectible expression. Appellant's Brief 36-37. However, there are numerous ways of depicting Christmas wreaths involving variations of design, shape, color, dimensionality, and lettering, as well as decorative minutiae. The devil is in the details. The District Court made a reasonable finding, based on comparison of the cards, that substantial similarity existed, a finding which would not be different if the cards were analyzed under the scènes à faire doctrine. Therefore, the District Court did not err as a matter of law in its choice of analytic tools.

Following this line of argument, appellants also argue that the District Court erred as a matter of law in its application of the "intrinsic" step of a two-step test for determining substantial similarity. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987). After determining whether the general idea of two works is substantially similar (the "extrinsic" portion of the test), under this approach, the court must then determine whether there is similarity of expression. Id. Appellants contend that the District Court failed to analyze, during the intrinsic step of the test, similarities found between the works at issue to determine if they were merely similarities between unprotectible elements of the works. The purpose of the intrinsic

test is to ascertain if the works at issue are so dissimilar that ordinary "reasonable minds [can]not differ as to the absence of substantial similarity in expression." Id. In reviewing, under this subjective test, each of the six sets of cards, the District Court descriptively catalogued numerous similarities in objects depicted, design, proportions used, colors, and use of lettering. The Court did not err legally in its "total concept and feel" analysis.

Finally, appellants argue that the District Court's factual findings of substantial similarity for each of the six cards at issue were clearly erroneous. This argument is strongest with respect to two of the cards, "Colored Presents" and "Thanksgiving Cart." Appellant's Brief 45-49, 56-58. However, the question of whether the cards are substantially similar, like the question of whether decorative fabrics are substantially similar, becomes whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). The District Court's findings of substantial similarity between all six original cards and their allegedly infringing counterparts were not clearly erroneous.

We have nothing else to add to the comprehensive opinion of the District Court.

Affirmed.

RILEY, Circuit Judge, concurring.

I concur in the well-reasoned opinion of the Court. The scope of appellate review of a preliminary injunction decision is narrow. See Dataphase Sys., 640 F.2d at 114 n.8; Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978). Under the appropriate standard of review, the district court's findings of substantial similarity

are not clearly erroneous. The majority opinion recognizes "if the proof at the trial on the merits should be different, the case could go the other way on final judgment." Because I believe the final fact finder could reach a different result on the proof already presented at the preliminary injunction hearing, I separately concur.

For example, the district court found the Taylor "Pencil Sketch Farm" card copyright was probably infringed by the Four Seasons card depicting a winter country scene. Each card shows a rural winter scene with snow, trees and a well in the right foreground. The Taylor card portrays a farmyard with a barn, silo, shed, wood pile and fencing separated from a farmhouse. The Four Seasons card does not represent a farmyard, but has a house, of distinctively different architectural design, sitting near a lake, without any barn, silo, shed, wood pile or fencing. The Taylor card has two male cardinals in the foreground by the well. The Four Seasons card has no wildlife and has a tree in the left foreground of the card partially blocking the view of the house.

As another example, the district court found the Taylor "Thanksgiving Cart" card copyright was probably infringed by the Four Seasons "Pumpkin Wagon" card. The Taylor Thanksgiving card exhibits a three-wheel push cart full of squash, gourds and grapes, with pumpkins, apples and other produce on the ground beside the cart. The Four Seasons card pictures a four-wheel pull wagon full of pumpkins with baskets of apples and grapes on the ground nearby and apparently no gourds, squash or other produce.

A fresh look at the evidence already presented could result in a final judgment going the other way. Therefore, I separately concur.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.