United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 96-2228/2233

_____

| | |
|---|---|
| Keith E. Iverson; Shirlee Iverson, | * |
| | * |
| Appellants/Cross-Appellees, | * |
| | * |
| v. | * |
| | * Appeals from the United States |
| Audrey Grant; Eric Rodwell; Prentice | * District Court for the |
| Hall Canada, Inc.; Prentice Hall, Inc.; | * District of South Dakota. |
| Arco Publishing, Inc.; Dennis Howard; | * |
| Roy Green; American Contract Bridge | * [UNPUBLISHED] |
| League, Inc., | * |
| | * |
| Appellees/Cross-Appellants. | * |

_____

Submitted:  December 24, 1997
Filed:  January 7, 1998

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Keith and Shirlee Iverson appeal pro se from the District Court[1] judgment for defendants on their copyright infringement and unfair trade practices complaint.

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

Defendants cross-appeal from the District Court order denying them attorney's fees. We affirm.

The Iversons claimed that various defendants infringed their copyrighted work by writing, publishing, and distributing The Joy of Bridge (Joy) and The Joy of Bridge Companion in Canada. These claims fail, however, because United States copyright law has no extraterritorial effect. See Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088, 1094-96 (9th Cir. 1994) (en banc) (holding United States copyright law has no extraterritorial operation, and infringing acts occurring outside United States are not actionable); Robert Stigwood Group, Ltd. v. O'Reilly, 530 F.2d 1096, 1101 (2d Cir.) (same), cert. denied, 429 U.S. 848 (1976).

The Iversons also claimed that defendant Prentice Hall Canada, Inc. (PHC), a Canadian corporation, infringed their copyright by selling Joy in the United States. Although the Iversons produced evidence that PHC had on one occasion sold Joy directly to a South Dakota bookstore, we conclude this was insufficient to establish personal jurisdiction. See Ventling v. Kraft, 161 N.W.2d 29, 34 (S.D. 1968) (stating South Dakota applies long-arm statute to fullest extent permissible under due process); Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 & n.2 (8th Cir. 1995) (noting due process requires minimum contacts with forum state in accordance with notions of fair play and substantial justice; although minimum contacts need not include physical presence, contacts must be more than attenuated, and merely entering contract with forum resident does not provide requisite contacts between nonresident and forum state (internal citations and quotations omitted)).

As to defendant Arco, we agree with the District Court that because Arco's license agreement with PHC ended May 10, 1991, and the Iversons did not show Arco published Joy after that date, their claim--filed March 21, 1995--is barred by the Copyright Act's three-year limitation on civil actions. See 17 U.S.C. § 507(b) (1994).

With respect to the Iversons' claims regarding <u>Bridge--Introduction to Bridge Bidding "Club Series"</u> (<u>Club Series</u>), we find that "reasonable minds could not differ as to the absence of substantial similarity of expression" between <u>Club Series</u> and the Iversons' work, and thus, the District Court correctly granted summary judgment for these defendants. <u>Banker's Promotional Mktg. Group, Inc. v. Orange</u>, 926 F.2d 704, 705 (8th Cir. 1991) (per curiam) (internal citation and quotations omitted); <u>see also</u> <u>Moore v. Columbia Pictures Indus. Inc.</u>, 972 F.2d 939, 941-42, 945-46 (8th Cir. 1992) (stating that, to establish copying of protected work, must show access and substantial similarity between two works).

Although the Iversons also asserted defendants engaged in unfair trade practices, the only facts alleged relate to the copying of the Iversons' work. We thus conclude the Iversons failed to state a separate unfair trade practices claim.

Finally, after carefully reviewing the record, we conclude the District Court did not abuse its discretion in refusing to award attorney's fees to defendants. <u>See</u> 17 U.S.C. § 505 (1994); <u>Pinkham v. Camex, Inc.</u>, 84 F.3d 292, 294 (8th Cir. 1996) (per curiam) (standard of review); <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 n.19 (1994).

The Iversons' motions to supplement the record and for remand are denied. The defendants' motion to dismiss the appeal is denied as moot.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-