**STANDARD TERRY MILLS, INC.**

v.

**SHEN MANUFACTURING COMPANY, INC.**

Civ. A. No. 84–3271.

United States District Court, E.D. Pennsylvania.

Feb. 5, 1986.

---

Robert B. Frailey, West Chester, Pa., for plaintiff.

Janis P. Farrell, Hart, Baxley, Daniels & Holton, New York City, for defendant.

## OPINION

LUONGO, Chief Judge.

In this lawsuit, plaintiff Standard Terry Mills sought a judgment declaring that the design of a kitchen towel sold by defendant Shen Manufacturing Company is in the public domain. Defendant filed counterclaims alleging that plaintiff, by manufacturing a kitchen towel almost identical to defendant's towel, was guilty of common law trademark infringement and unfair competition. After a non-jury trial, I ruled in plaintiff's favor but denied plaintiff's request for attorneys' fees under 15 U.S.C. § 1117(a). Presently before me is plaintiff's motion under Fed.R.Civ.P. 59 to alter or amend the judgment to include an award of attorneys' fees or, in the alternative, for a partial new trial to determine plaintiff's entitlement to such an award. For the reasons stated below, I will deny the motion.

As I stated in my November 22, 1985 opinion, § 1117 permits an award of attorneys' fees only in "exceptional cases." An exceptional case is one involving "malicious, fraudulent, deliberate or willful" conduct. *Hairline Creations v. Kefalas*, 664 F.2d 652, 659 (7th Cir.1981). *See also Safeway Stores v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160, 1169 (11th Cir.1982); *Brand v. NCC Corp.*, 540 F.Supp. 562, 565 (E.D.Pa.1982). One basis for an award of attorneys' fees under this standard is a showing that the losing party pursued groundless claims in bad faith or for purposes of harassment. *See, e.g., Universal City Studios v. Nintendo Co.*, 615 F.Supp. 838, 864 (S.D.N.Y.1985); *Olsonite Corp. v. Bemis Manufacturing Co.*, 610 F.Supp. 1011, 1026 (E.D.Wis.1985); *Comidas Exquisitos, Inc. v. Carlos McGee's Mexican Cafe, Inc.*, 602 F.Supp. 191, 199 (S.D.Iowa), *aff'd*, 775 F.2d 260 (8th Cir.1985); *Hodge Chile Co. v. KNA Food Distributors, Inc.*, 575 F.Supp. 210, 214 (E.D.Mo.1983), *aff'd*, 741 F.2d 1086 (8th Cir.1984). After reviewing the evidence presented at trial, I held that Standard Terry had not made the showing necessary to justify an award of attorneys' fees under § 1117. Nothing in Standard Terry's subsequent submissions convinces me that my holding was incorrect or that further proceedings on the issue are needed. Because Standard Terry has been so persistent in pressing its claims, however, I will state more fully the reasons for my decision.

Plaintiff claims first that Shen's assertion that the design of its towel had acquired secondary meaning was false and groundless, and that Shen never even attempted to prove secondary meaning at trial. Although I held that Shen's towel was not protected under federal trademark law, I did not consider its claims to be frivolous or unreasonable. The case presented complex issues and Standard Terry was by no means clearly in the right. In particular, Standard Terry did not establish that Shen's claim concerning secondary meaning was groundless. Because I held that the design of Shen's towel was functional, I did not reach the issue of secondary meaning. Shen did, however, present evidence of secondary meaning at trial, including evidence that the towel at issue has been on the market for approximately 25 years, has been widely promoted and sold, and has been copied by a number of competitors. *See Ciba-Geigy Corp. v. Bolar Pharmaceutical Co.*, 747 F.2d 844, 851–52 (3d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2678, 86 L.Ed.2d 696 (1985); *Ideal Toy Corp. v. Plawner Toy Manufacturing Corp.*, 685 F.2d 78, 82 (3d Cir.1982).

Whether or not this evidence is sufficient to establish secondary meaning, it does rebut Standard Terry's assertion that Shen's counterclaims were groundless and brought for purposes of harassment. Moreover, I find it ironic that Standard Terry, having admitted intentional copying, insists there is absolutely no basis for an inference that the design of Shen's towel has some secondary significance.

Plaintiff also asserts that defendant made a number of other allegations which it could not, and did not try to, prove. These include defendant's claims that its towel was unique, that the towel was widely advertised, that the towel's design features had become identifying trademarks, that copying would cause confusion in the marketplace, and that plaintiff's towel was of inferior quality and would damage defendant's reputation. Although I agree that defendant's theory of the case was not always entirely clear, and that its counsel could have been more organized and thorough in the preparation and presentation of its case, defendant did present sufficient evidence to show that its contentions concerning the quality and public recognition of its towel were not groundless. As plaintiff contends, defendant did not attempt to prove at trial that plaintiff's towel was inferior. In the context of the entire case, however, I cannot conclude that the brief reference in defendant's counterclaim to plaintiff's towel, even if inaccurate, is suffi-ciently egregious to make this an exceptional case under § 1117.

Finally, plaintiff claims this case is exceptional because defendant was guilty of "unclean hands." According to plaintiff, Shen made false representations to the United States Copyright Office and the Patent and Trademark Office, and used false copyright and trademark symbols on its products. Even if plaintiff's characterization of Shen's actions and intentions were correct, the misconduct plaintiff describes is not related to the subject matter of this suit. Shen's counterclaims were predicated upon common law trademark infringement and unfair competition, not in-fringement of a registered trademark or copyright. Thus, plaintiff's allegations can support neither a finding of unclean hands, *see Ciba-Geigy Corp.*, 747 F.2d at 855; *John Wright, Inc. v. Casper Corp.*, 419 F.Supp. 292, 324 (E.D.Pa.1976), *aff'd in part, rev'd in part on other grounds*, 587 F.2d 602 (3d Cir.1978), nor, in my view, an award of attorneys' fees under § 1117. *Cf. Wrist-Rocket Manufacturing Co. v. Saunders Archery Co.*, 578 F.2d 727, 734 (8th Cir.1978) (in actions under 15 U.S.C. § 1120, which provides for civil liability for false or fraudulent registration, attorneys' fees are not recoverable unless trademark owner obtained false registration solely in order to institute vexatious litigation); *Louis Ender, Inc. v. General Foods Corp.*, 467 F.2d 327, 331 (2d Cir.1972) ("expenses of defending an action in which the fact of registration was totally irrelevant" are not recoverable under § 1120), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). Plaintiff is also not entitled to attorneys' fees under the federal copyright statute, 17 U.S.C. § 505. This case did not involve copyright infringement claims, and the attorneys' fee provision of the copyright statute is therefore inapplicable.

In conclusion, I note that plaintiff has throughout this litigation strained to place defendant's actions and motivations in the worst possible light. I reject plaintiff's latest assault upon defendant and its counsel and conclude that, for the most part, defendant has engaged in a good faith effort to vindicate what it believed were its rights. Plaintiff's motion for an award of attorneys' fees or for a partial new trial on the issue of attorneys' fees will be denied.