**MID–STATE AFTERMARKET BODY PARTS, INC., Plaintiff/ Counter–Defendant**

v.

**MQVP, INC., f/k/a Global Validators, Inc., Defendant/ Counter–Plaintiff.**

**No. 4:03CV00733 JLH.**

United States District Court,
E.D. Arkansas,
Western Division.

June 21, 2005.

Andrew Verne Francis, Attorney at Law, Little Rock, AR, Mark Mitchell Grossman, Grossman Law Offices, Chicago, IL, for Plaintiff.

John R. Elrod, Todd Patrick Lewis, Conner & Winters, P.L.L.C., Fayetteville, AR, Lawrence R. Jordan, Joseph H. Heckendorn, Jaffe, Raitt, Heuer & Weiss, P.C., Michael J. Sullivan, Brian M. Ziff, Moheeb H. Murray, Clark Hill PLC, Detroit, MI, for Defendant.

## *ORDER*

HOLMES, District Judge.

The Court has previously entered summary judgment in favor of *Mid–State Aftermarket Body Parts, Inc. ("Mid–State") v. MQVP, Inc., f/k/a Global Validators, Inc. ("MQVP")* on Mid–State's complaint and on MQVP's amended counterclaim.[1] As the prevailing party, Mid–State has now filed a petition for attorneys' fees pursuant to 15 U.S.C. § 1117, Fed.R.Civ.P. 54(d)(2), and Local R. 54.1(b) (Docket # 107).

■ The Lanham Act gives the Court discretion to award reasonable attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a); *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 123 (8th Cir.1987). An exceptional case is one in which the action was "groundless, unreasonable, vexatious, or was pursued in bad faith," or in which a party's conduct "went beyond the pale of acceptable conduct." *Hartman,* 833 F.2d at 123; *Aromatique, Inc. v. Gold Seal, Inc.,* 28 F.3d 863, 877 (8th Cir.1994).

■ Though this action presented unusual, perhaps unique, legal issues, it was not "exceptional" as that term is defined in reference to the issue of whether to award attorneys' fees under § 1117(a). Mid–State argues that attorneys' fees should be awarded because MQVP's threats of litigation and subsequent seven-count counterclaim were groundless and unreasonable. Throughout deliberation on the parties' cross motions for summary judgment, the Court grappled with the unique facts presented in this case. Constrained by the fact that MQVP had registered its mark as a service mark and not a certification mark, the Court ruled in Mid–State's favor. To do otherwise, in the Court's opinion, would have been to allow MQVP to register its mark as a service mark while enforcing it as a certification mark, which would have disregarded the law that renders those marks mutually exclusive, as well as the distinct statutory requirements imposed on certification mark holders. *See* J. THOMAS McCARTHY, McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 19.94 (4th Ed.2004); 15 U.S.C. § 1064(5). The complex legal ramifications of MQVP's initial registration thus compelled the outcome in this case. Despite ruling against MQVP, the Court is satisfied that MQVP's purpose prior to and throughout litigation was to vindicate what MQVP believed were its legal rights. *Cf. Standard Terry Mills, Inc. v. Shen Mfg. Co., Inc.,* 626 F.Supp. 1362, 1364 (E.D.Pa. 1986). MQVP hired experienced counsel to register its mark. That attorney applied for registration of the mark as a service mark. The United States Patent and Trademark Office granted that application and registered the mark as a service mark. Mid–State then used the mark and refused to desist after requested by MQVP. Mid–State filed this action, and MQVP counterclaimed to enforce the mark. MQVP's decision to attempt to enforce its mark was not an unreasonable decision; and the attempt would have succeeded had the mark been registered as a certification mark. Mid–State's use of the phrase "MQVP parts" was dubious and weighs against an award of attorneys' fees. *Cf. id.* at 1363; *Lurzer GMBH v. Am. Showcase, Inc.,* 75 F.Supp.2d 98, 102–03 (S.D.N.Y.1998); *Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc.,* 642 F.Supp. 144, 147 (D.D.C.1986).

The Court also disagrees that MQVP engaged in vexatious conduct that "went

---

1. Opinion reported at 361 F.Supp.2d 896 (E.D.Ark.2005), *recons. den.,* 371 F.Supp.2d 1014 (E.D.Ark.2005).

beyond the pale of acceptable litigant conduct." *Aromatique*, 28 F.3d at 877. Mid–State asserts that MQVP: (1) improperly contacted the daughter-in-law of the President of Mid–State, Tom Knoedl, by telephone in an attempt to speak to Knoedl's son and subsequently made a threat that "things will get ugly outside the litigation" if Mid–State did not accept settlement; (2) issued two press releases regarding the lawsuit, one published by email to MQVP participants with a link to select pleadings filed in this lawsuit and the second published in *Collision Repair Industry Insight*, a weekly email newsletter, containing allegedly false and inflammatory statements intended to coerce Mid–State into joining the MQVP program; (3) violated the Court's protective order by referring to information contained in confidential price lists in its second press release and by designating over 16,000 pages of discovery as confidential in what Mid–State labels a "classic warehouse dump;" and (4) needlessly raised Mid–State's litigation costs by serving non-responsive answers, withholding documents, making unreasonable requests related to the delivery of copies, and failing to specify the legal basis for its infringement claim.

These incidents, individually or collectively, do not make this case "exceptional." The Court previously denied as moot Mid–State's motion for protective order from harassment and intimidation based on the alleged improper contact and alleged threat. *See* Order dated November 1, 2004 (Docket # 60). In ruling on that motion, the Court did not grant Mid–State's request for attorneys' fees, nor is it inclined to do so at this juncture. The Court did not then and does not now accept Mid–State's characterization of those incidents. The Court also denied Mid–State's motion to compel and entry of protective order regarding the first of the press releases outlined. *See* Memorandum Opinion dated March 16, 2005 (Docket # 98). Mid–State sought no legal recourse against the second press release until the present motion.

Mid–State cites *Aromatique*, 28 F.3d at 877–79, and *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 746–47 (7th Cir.1985), arguing that this case is exceptional because of the inflammatory, misleading statements contained in this second press release. In *Aromatique*, the plaintiff's attorneys had demanded that the defendant cease infringement of their client's trade dress, improperly asserting that the trade dress was federally registered. 28 F.3d at 867. Judge Morris S. Arnold, speaking for the court on the issue of infringement but not for the court on the issue of attorneys' fees, opined that fraud against the defendant made the case exceptional. *Id.* at 878–79. Judge Hansen, however, disagreed and stated that any award of attorneys' fees was best based upon the trademark infringement itself, not upon attorney action which could be remedied by other means. Judge Hansen went on to state that, in any event, the case was not exceptional because the attorneys' intention to deceive was not clear from the record. *Id.* at 879–80. In *Otis Clapp*, 754 F.2d at 740, the defendant admitted liability on plaintiff's claims of false advertising, false statements, and false representations based on false comparative statements it made in a promotional brochure. In upholding attorneys' fees, the Seventh Circuit noted that the district court found that the defendant had singled out the plaintiff "as a whetstone upon which it has unfairly sharpened its competitive weapons" and had shown "cavalier disregard of the objective truth" in comparing the parties in its literature. *Id.* at 746–47. Neither *Aromatique* nor *Otis Clapp* necessitates an award of attorneys' fees in this case. MQVP's statements were neither clearly intended to deceive nor the basis of any underlying action.

The press release does not warrant an award of attorneys' fees.

As for Mid–State's allegations that MQVP violated the Court's protective order and intentionally protracted litigation, the Court finds little merit in Mid–State's characterization of these actions. The press release did not disclose specific information from the confidential price lists in violation of the protective order; at most, it stated that Mid–State's defense rested on its receipt of the lists. In its publicly filed reply, Mid–State itself made substantially the same reference. MQVP's designation of documents as confidential was completed prior to entry of the protective order and, in any event, could have been but was not challenged under that order. These events, both brought to the Court's attention for the very first time in this motion, do not make this case exceptional. Though Mid–State characterizes certain of MQVP's discovery tactics as "vexatious" and "beyond the pale of acceptable conduct for a litigant," the Court disagrees. The Court intervened when necessary to rule on motions to compel. *See* Order dated September 30, 2004 (Docket # 54); Order dated November 3, 2004 (Docket # 61). MQVP's litigation strategy as a whole was designed by MQVP's attorneys to protect their client's best interests and does not constitute egregious misconduct warranting attorneys' fees. Mid–State has cited no case in which fairly typical discovery disputes served as the basis for characterizing an infringement action as an exceptional case under § 1117(a), nor does the Court believe that the disputes in this case justify such a characterization.

This has been a hard-fought case both in court and in the marketplace; but MQVP has not pursued a course that was groundless, unreasonable, vexatious, or in bad faith, nor has its conduct gone beyond the pale of acceptable conduct. This case is not exceptional in a way that warrants attorneys' fees under 15 U.S.C. § 1117(a).

 Local Rule 54.1(b) allows the Court to grant "an allowance of reasonable attorney's fees to a prevailing party in appropriate cases." That local rule does not change the "American Rule ... that parties must bear their own costs absent a specific statutory provision shifting them." *Aromatique*, 28 F.3d at 876. An appropriate case for an award of attorneys' fees under Local Rule 54.1(b) would be one in which the governing statute or Fed. R.Civ.P. 11 authorized such an award. For the reasons stated above, this is not an appropriate case for an award of attorneys' fees in Mid–State's favor.

Therefore, Mid–State's petition for attorneys' fees is DENIED.